[No. 4294.]

HENRY MILLER v. GEORGE W. ELLIS AND EZEKIEL TRIPP.

DELIVERY OF UNITED STATES PATENT FOR LAND.—Delivery of a patent, issued under the provisions of the act of Congress of March 3, 1851, for the settlement of private land claims in California, is not essential to its taking effect as a conveyance.

WHEN PATENT TAKES EFFECT—POWER OF STATE.—A State has no authority to provide by statute when patents for land issued by the United States for Mexican grants shall take effect.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a portion of the Rancho Los Animas, in the county of. Santa Clara. The court rendered judgment against the defendants. The defendant Tripp appealed. ,

The other facts are stated in the opinion.

*Campbell, Fox & Campbell,* for the Appellant.

*Houghton & Reynolds,* for the Respondent.

By the Court, RHODES, J.:

The plaintiff, in proof of his alleged title, introduced in evidence a copy of a patent issued by the United States to the widow and heirs of Jose Maria Sanchez under the act of Congress of March 3, 1851, entitled "An Act to ascertain

and settle private land claims in the State of California."
It was in the usual form of patents issued under that act.
It was proven by the Surveyor-General for the State of Cal-
ifornia, that he had received the patent from the Commis-
sioner of the General Land Office by mail; that he had not
delivered it to the grantees; and that he had been directed
by the Commissioner to withhold the delivery until further
orders from the Commissioner. The defendant, Tripp, ob-
jected to the admission in evidence of a copy of the patent
on several grounds, only one of which, however, requires
any consideration; which is, that the patent not having been
delivered, did not take effect as a conveyance of the title.
No authority is cited by the defendant in support of the ob-
jection, but he refers to the Civil Code, Sec. 1054, as decisive
of the question. That section is as follows: "A grant takes
effect so as to vest the interest intended to be transferred
only upon the delivery by the grantor." Conceding that
this section declares the rule in case of conveyances made
under the laws of this State—excepting, of course, legisla-
tive grants and perhaps some others—it is manifest that it
can have no application to grants made by or under the
authority of the United States, for the State has not com-
petent authority to provide the manner in which such
grants shall take effect.

It was held in *Donner* v. *Palmer* (31 Cal. 500), in consid-
ering the effect of the non-delivery of an alcalde's grant, that
the doctrine of delivery, as applied to private conveyances,
has no application to grants made by the government, either
under the Mexican system or our own. In *Chipley* v. *Farris*
(45 Cal. 539), a patent had been issued in pursuance of the act
of Congress of March 3, 1851, but the grantees under whom
the plaintiff claimed title, refused to receive or accept it.
It was held by the court that the patent was one of the steps
in the proceeding under the act of March 3, 1851; that the
claimant in those proceedings was as powerless to prevent
the issuing of a patent as the rendition of a decree of con-
firmation, where the proceedings have not been dismissed;
and that the assent of the claimant to its issue was no more
essential than to any other step in the proceeding. We

have seen no reason to doubt the correctness of the principle there announced. It necessarily results, therefore, that delivery is not essential to the taking effect of a patent issued under the provisions of the act of Congress of March 3, 1851. (See also *Le Roy* v. *Clayton*, 2 Sawyer, 493, which is directly in point; *Lott* v. *Proudhomme*, 3 Rob. La. 293; *Lavergne's Heirs* v. *Elkins's Heirs*, 17 La. 226.)

Judgment and order affirmed.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this case.

Mr. Justice McKINSTRY did not express an opinion.