[No. 5897.]

# JESUS L. CRUZ *v.* LOUIS MARTINEZ.

DELIVERY OF PATENT.—A patent of the United States for land, being duly signed and recorded, passes the legal title without delivery.

PATENT—RECITAL OF PUBLICATION OF SURVEY.—It is not necessary that a patent of the United States to land granted by the Mexican government should contain a recital that the survey had been published. It will be presumed, in support of such patent, regular on its face, that the proper of-ficers of the Land Department determined, prior to the signature of the patent, that due publication of the survey had been made.

EJECTMENT—VALIDITY OF PATENT.—The validity of a patent, regular on its face, cannot be attacked in an action of ejectment.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

This was a contest in an action of ejectment between two patents from the United States to the City of Los Angeles for pueblo lands. On the 9th of August, 1866, a document pur-porting to be a patent from the Government to the City of Los Angeles for its pueblo lands was made out in due form, but was silent as to the publication of the survey, and that docu-

ment was duly recorded, but never issued from the General Land Office. Subsequently the Surveyor-General of California was instructed to make the publication in accordance with the law, which he did in 1873, and upon the receipt of his certificate that the publication had been so made, a patent was executed and recorded in due form, August 4th, 1875, reciting the publication of the survey. It was thereafter delivered to the City of Los Angeles. It does not appear that the city ever protested against the cancelling of the document of 1866, nor that it declined to accept the patent of 1875. In 1876 a demand was made for a copy of the record of the document of August 9th, 1866, but for what purpose does not appear.

In this action plaintiff claimed title under the patent of 1875, and at the trial offered that patent in evidence. The defendant, relying upon the Statute of Limitations under the patent of 1866, objected to the introduction of the evidence on the ground that a patent for the same lands had previously been issued by the Government August 9th, 1866, and therefore the officers of the United States had no power to issue the patent of 1875. The evidence was rejected by the Court, the plaintiff excepting. The plaintiff, for the purpose of showing that the document of 1866 was not a valid patent, then offered in evidence a letter from Acting Commissioner Baxter of the Land Office, (stipulated to be a deposition) stating the fact that the patent of 1866 does not recite the publication of survey, and expressing the opinion that the patent was for that reason invalid. The Court excluded the evidence, on the ground that it was not admissible to impeach a patent regular on its face. Judgment was rendered for the defendant, and the plaintiff appealed.

*Thom & Ross* and *James A. Waymire*, for Appellants.

1. The deposition of Baxter should have been admitted. The Act of Congress of 1864 required the survey to be published. The pretended patent of 1866 is silent as to such publication. The deposition shows that the survey was not published until after 1866. Baxter testifies as to when the publication was made, and his evidence was admissible. It does not contradict

any recitation in the patent, but only shows when an act that the law declares shall be done was done. In *Sherman* v. *Buick* 3 Otto, 216, the Court say: "It has always been held that an absolute want of power to issue a patent could be shown in a Court of law to defeat a title set up under it." (See, also, *Patterson* v. *Winn*, 11 Wheat. 380.)

2. The officers of the Government had no power to issue the patent so called of August 9th, 1866, because one of the essential requirements of the law had not been obeyed; the survey had not been published. (See 13 U. S. Stats. 332; 9 U. S. Stats. 633.) The power to issue patents is derived entirely from the law, and can be exercised only in accordance with the law. If one duty can be omitted another may be, and thus the law can be ignored altogether. The publication of the survey is one of the most essential requisites, and until it is fully complied with there is no power in the officers of the Government to act. (*McGarrahan* v. *New Idria M. Co.* 49 Cal. 335; *Same* v. *Same*, 1 S. F. Law Journal, 377.)

3. The document of August 9th, 1866, as a patent, was invalid on its face, as it did not show that it had been issued in accordance with law. It was silent as to the publication of the survey. (Ibid.) The record of the patent could not be of any higher dignity than the patent itself. The patent being invalid, the record was not in fact the record of a patent, but only the semblance of a record. (*Leroy* v. *Clayton*, 3 Sawy. 498; *McGarrahan* v. *New Idria M. Co. supra.*)

4. If, however, the patent of 1866 was valid, the grantor [the Government] had power, with the consent of the grantee, [the City of Los Angeles] to recall it, and issue a new patent. (*Maginn* v. *Tyler*, 8 Wall. 650; *Leroy* v. *Clayton*, 2 Sawy. 493: *Leroy* v. *Jamison*, 3 Sawy. 371.) The land department of the Government has always treated the patent of 1866 as a nullity, and refused to deliver the original—in fact, cancelled it. There is nothing in the record to show that the City of Los Angeles objected to the cancelling or rejection of the document of 1866, nor that it refused to accept the patent of 1875. It must be taken, therefore, to have consented to the recall of the old and the issue of the new document.

*Glassell, Chapman & Smiths,* for Respondents.

1. The patent takes effect without delivery. (*Miller* v. *Ellis,* 51 Cal. 74; *Chipley* v. *Farris,* 45 Cal. 538–9.)

2. The evidence was inadmissible to impeach a patent regular on its face. ( *Gibson* v. *Chouteau,* 13 Wall. 102; *Miller* v. *Dale,* 44 Cal. 578; *Teschemacher* v. *Thompson,* 18 Cal. 25; *Johnson* v. *Towsley,* 13 Wall. 83; *French* v. *Fyan,* 93 U. S. 172; *McGarrahan* v. *New Idria M. Co.,* 49 Cal. 335; *Hoofnagle* v. *Anderson,* 7 Wheat. 214; *Bagnell* v. *Brodrick,* 13 Peters, 450; *Polk's Lessees* v. *Wendell,* 9 Cranch, 98; *Jackson* v. *Lawton,* 10 Johns. 23; *Bledsoe's Devisees* v. *Well,* 4 Bibb, 329; *Doe* v. *Wilson,* 23 How. 457; *Elliott* v. *Peirsol,* 1 Peters, 340; *Wilcox* v. *Jackson,* 13 Peters, 511; *Grignon's Lessees* v. *Astor,* 3 How. 319; *Lynch* v. *Bernal,* 9 Wall. 322.)

An examination of all the cases upon this point will show that in no case has a patent been attacked except for lack of original jurisdiction, or where the jurisdiction, as in the case of the patent of 1875, has been fully exercised, and the officers had become *functi officio.*

Had every fact, however, which the plaintiff offered to prove, been recited in the patent, they would not be sufficient to invalidate it. For there is nothing in these facts to negative the conclusion that the decision of the Commissioner on the question of survey was right.

It appears from the patent that the survey was made and approved on the 2nd day of July, 1859; and, by a certificate of that date, properly authenticated to the Commissioner by the Surveyor-General.

By the second section of the Act of July 1st, 1864, the act is made to apply only "to all surveys and plats by the Surveyor-General of California, which have not already been approved by one of the District Courts of the United States for California, or by the Commissioner of the General Land Office." It is to be presumed that the survey in this case comes under the second clause above cited; for there is nothing in the deposition of the Commissioner to show that the survey had not been so approved by his predecessor, prior to the Act of July 1st, 1864.

*J. G. Howard*, also for Respondents.

By the COURT:

The patent to the City of Los Angeles, bearing date the 9th day of August, 1866, having been duly signed and recorded in the proper book in the General Land Office, vested in the city the legal title to the lands therein described.   This proposition is fully sustained by *Chipley* v. *Farris*, 45 Cal. 527 ; *Le Roy* v. *Clayton*, 2 Sawyer, 496 ; *Le Roy* v. *Jamison*, 3 Ibid. 391 ; *Miller* v. *Ellis*, 51 Cal. 74 ; *Houghton* v. *Hardenburg*, *ante*, p. 181.

The plaintiff, who claims under the city, for the purpose of showing that the patent is void, offered evidence to prove that the survey therein recited had not been published as required by law, but it was excluded by the Court.   The patent is regular on its face.   It is not required to recite that the survey had been published, and assuming that the law required a publication of the survey, it will be presumed, in support of the patent, that the proper officers of the Land Department determined, prior to the signature of the patent, that due publication of the survey had been made.   The question whether they erred in such determination is not open to inquiry in this action.   Upon that question the patent is conclusive upon the city and also upon the plaintiff claiming title under her.   (*Chipley* v. *Farris*, *supra ; Johnson* v. *Towsley*, 13 Wall. 72 ; *French* v. *Fyan*, 93 U. S. 169 ; *Doll* v. *Meador*, 16 Cal. 324 ; *Durfee* v. *Plaisted*, 38 Cal. 80.)

The evidence was properly excluded.
Judgment affirmed.