[No. 13723.  In Bank. — May 19, 1891.]

DAVID ELTZROTH, RESPONDENT, v. PATRICK RYAN
ET AL., APPELLANTS.

PATENT — TITLE BY RECORD — DELIVERY AND ACCEPTANCE. — Title to land by a patent from the United States is title by record; and it is not necessary that the patentee should have received and accepted the patent, in order to vest in him title to the land granted.

ID. — RECORD AFTER COMMENCEMENT OF ACTION. — The fact that the copy of the patent under which the plaintiff, in an action to quiet title, claims title was not recorded until after the action was commenced is immaterial.

ID. — EVIDENCE — EXEMPLIFIED COPY OF PATENT. — Under sections 1919 and 1951 of the Code of Civil Procedure, it is not necessary to prove the loss of an original patent, before an exemplified copy thereof can be produced in evidence.

ID. — PROOF OF LOSS OF ORIGINAL. — Even if it were necessary for a patentee to prove the loss of an original patent before introducing the copy in evidence, his testimony that he never received the original, and did not know what had become of it, is sufficient.

ACTION TO QUIET TITLE — PROOF OF TITLE — PRESUMPTION OF CONTINUANCE — STATUS. — A status, once established, is presumed by law to remain, until the contrary appears; and in an action to quiet title, after proof of title in the plaintiff, he need not prove that he has not parted with the title, or that he is entitled to the possession of the land.

JURISDICTION OF JUSTICE'S COURT — EVIDENCE — PROOF OF TITLE. — A justice's court is an inferior court, and its jurisdiction must be shown affirmatively by a party relying upon or claiming any right or title under its judgments.

ID. — JURISDICTION OF PERSON — CONSTABLE'S SALE — EVIDENCE — PRE-
SUMPTION. — Where a defendant, in an action to quiet title,. claims title
by and through a constable's sale, under an execution issued on a judg-
ment rendered against the plaintiff by a justice of the peace, but fails to
show the service of summons on or the voluntary appearance of the
plaintiff in the justice's court, it will be presumed that the justice had
no jurisdiction to render the judgment, and that the same was void, and
the purchasers at the constable's sale acquired no interest in the prop-
erty bid in by them.

APPEAL — REVIEW OF EVIDENCE — BILL OF EXCEPTIONS — SPECIFICATION OF
PARTICULARS. — An objection that the findings are not justified by the
evidence will not be considered, where the bill of exceptions in the record
contains no specifications of particulars in which the evidence is alleged
to be insufficient to justify the findings.

APPEAL from a judgment of the Superior Court of
Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*Welles Whitmore,* and *David Stoddart,* for Appellants.

The admission of the exemplified copy of the patent
was error, because the original patent was not accounted
for (Code Civ. Proc., sec. 1855), and also because it was ac-
quired and recorded after the commencement of the ac-
tion, and there was no proof to show that the plaintiff had
not parted with his title before obtaining and recording
the exemplified copy of patent. The ruling of the court,
to the effect that no evidence could be offered to establish
the record of a justice court except the record itself, and
that any title resting upon a justice's judgment could
not be established if the record had in any way been lost
or destroyed, was erroneous, as it is well settled that sec-
ondary evidence can be offered when primary evidence
is unobtainable. (See Greenl. Ev., secs. 84, 509, note 5,
558; Code Civ. Proc., sec. 1855; *In Matter of Will of War-
field,* 22 Cal. 64; 83 Am. Dec. 94; *Jolley* v. *Foltz,* 34 Cal.
321–327; *Nims* v. *Johnson,* 7 Cal. 110.) Destruction of
a book containing a judgment does not destroy the judg-
ment itself. (*Ames* v. *Hoy,* 12 Cal. 11–20.)

*Lamberson & Taylor*, and *Charles G. Lamberson*, for Respondent.

Justices' courts being courts of limited and peculiar jurisdiction, not only their judgments, but all the facts necessary to confer jurisdiction, must be proven by the best evidence. (Code Civ. Proc., sec 925; 1 Greenl. Ev., sec. 513; *Lowe* v. *Alexander*, 15 Cal. 296; *Rowley* v. *Howard*, 23 Cal. 404; *Jolley* v. *Foltz*, 34 Cal. 321; *Kane* v. *Desmond*, 63 Cal. 464.) The certified copy of the patent was competent to prove title to the property in plaintiff. (Code Civ. Proc., secs. 1855, subd. 4, 1888, 1893, 1894, 1919; *Canfield* v. *Thompson*, 49 Cal. 212; *Gethin* v. *Walker*, 59 Cal. 502.) Plaintiff was not compelled to prove a negative, and show that he had not parted with his title, as a thing, once proven to exist, is presumed to exist until the contrary is proven. (Code Civ. Proc., sec. 1963, subd. 32; *Kidder* v. *Stevens*, 60 Cal. 414.)

BELCHER, C. — This is an action to quiet title to a quarter-section of land in Tulare County. The complaint was filed March 13, 1888, and is in the usual form in such cases. Defendant Ryan did not appear. Defendant Wythe appeared, and by his answer denied all the averments of the complaint, and alleged that each of the defendants had a legal title and interest in the land and premises in question.

At the trial the plaintiff was a witness, and testified that he purchased the quarter-section in controversy from the United States, but that he never received the patent for it, and did not know what became of the original patent. He further testified, on cross-examination, that he lived in Tulare County during the year 1874, and then left, and did not return to the county until March, 1888. He then introduced in evidence the copy of a United States patent, dated April 15, 1875, conveying to him the said quarter-section. Attached to the copy was a certificate of the acting commissioner of the general

land-office at Washington, under seal, certifying "that the annexed copy of patent in favor of David Eltzroth, founded on Visalia, California, cash entry No. 2212, is a true and literal exemplification from the record in this office." The copy was recorded in the recorder's office of Tulare County on June 27, 1888.

The defendant objected to the copy of the patent being received in evidence, on the ground that the loss of the original had not been accounted for; that it appeared from the testimony that the plaintiff never received a patent for the land; and that it appeared upon its face to have been recorded in the county after the action was commenced. The court overruled the objection, and the defendant reserved an exception.

The plaintiff then rested his case, and the defendant moved for a nonsuit, on the ground that the plaintiff had failed to make out a case in this, that his title, if any, appeared to have been acquired subsequent to the commencement of the action; that it appeared from the evidence that he had never received a patent for the land; and that it did not appear that he was ever entitled to the possession thereof. The motion was denied, and an exception taken.

To make out his case, the defendant attempted to show that he had acquired title to the quarter-section by and through a constable's sale thereof to his grantors, under an execution issued on a judgment rendered against the plaintiff by a justice of the peace on the twenty-first day of October, 1875. To this end he offered in evidence the constable's certificate of sale and deed, in proper form, and conveyances from the grantees named therein, to himself. He then proved that the plaintiff named in the judgment commenced an action against the plaintiff herein, in the justice's court in 1875, and obtained a judgment therein for seventy-six dollars and costs, and that the record of the action was destroyed by fire in the year 1886. The justice of the peace, in whose court the

action was commenced, testified: " I remember that there was a judgment rendered in that action in favor of the plaintiff and against the defendant. I know that there was an execution issued on that judgment against the property of the defendant, but I cannot describe the land sold."

The plaintiff objected to the certificate of sale and deeds being received in evidence, upon the ground that they were irrelevant, immaterial, and incompetent, for the reason that no foundation had been laid for their introduction. The court sustained the objection, and the defendant duly excepted to the ruling.

The case was thereupon submitted for decision, and the court made its findings, and gave judgment for the plaintiff.

In due time the defendant moved for a new trial, upon a bill of exceptions. The motion was denied, and he then appealed from the judgment and order.

The rulings complained of were clearly right. It was not necessary that the plaintiff should have received and accepted the patent, in order to vest in him title to the land granted. It is settled law that title by patent from the United States is title by record, and the delivery of the instrument to the patentee is not, as in a conveyance by a private person, essential to pass the title. (*United States* v. *Schurz,* 102 U. S. 378; *Donner* v. *Palmer,* 31 Cal. 514; *Chipley* v. *Farris,* 45 Cal. 539; *Miller* v. *Ellis,* 51 Cal. 73; *Cruz* v. *Martinez,* 53 Cal. 239.)

It was not necessary that the plaintiff prove the loss of the original patent, before he could introduce the copy in evidence. (Code Civ. Proc., secs. 1919, 1951.) But if such proof had been necessary, we think the plaintiff's testimony, that he never received the patent, and did n't know what had become of it, quite sufficient.

And it was not necessary that the plaintiff prove that he had not parted with his title, or that he was entitled to the possession of the land. A *status*, once established,

is presumed by the law to remain, until the contrary appears. (*Kidder* v. *Stevens*, 60 Cal. 414.)

The objection that the copy was not recorded until after the action was commenced was frivolous. It was entirely immaterial for the purposes of the case whether the copy had been recorded or not.

As to the defense. A justice's court is an inferior court, and its jurisdiction must be shown affirmatively by a party relying upon or claiming any right under its judgments. (*Jolley* v. *Foltz*, 34 Cal. 321; *Kane* v. *Desmond*, 63 Cal. 464.)

Here there was no proof that the defendant in the justice's court case relied upon was ever served with summons or voluntarily appeared therein. It must be presumed, therefore, that the justice had no jurisdiction to render the judgment which he testified was rendered in his court, and that the same was void. This being so, the purchasers at the constable's sale acquired no interest in the property bid in by them.

The appellant contends that the findings of the court were not justified by the evidence, and that the judgment should therefore be reversed. But the bill of exceptions brought up in the record contains no specifications of particulars in which the evidence is alleged to be insufficient to justify the findings, and this point cannot therefore be considered. (Code Civ. Proc., sec. 648.)

It follows that the judgment and order appealed from should be affirmed, and we so advise.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.