[No. 14403.   In Bank. — June 18, 1892.]

## THOMAS ALVARADO, APPELLANT, *v.* W. H. NORD-HOLT ET AL., RESPONDENTS.

ADVERSE POSSESSION — CO-TENANCY — QUESTIONS OF FACT. — Whether a party, claiming title to land by adverse possession, entered into the possession acknowledging himself to be a co-tenant, or whether he entered claiming the whole title, and whether his possession thereafter was adverse and of such notoriety that his alleged co-tenants must be presumed to have known of his exclusive ownership, are questions of fact for the trial court to determine from all the circumstances.

ID. — EVIDENCE OF OUSTER OF CO-TENANT — ENTRY UNDER ADMINISTRATOR'S DEED — NOTICE OF EXCLUSIVE OWNERSHIP. — Evidence that the defendants in an action of ejectment, and their predecessors, received all the rents of the property, and paid all taxes assessed against it, for over twenty years, and paid all street-improvement assessments charged thereon, and that the predecessor of the defendants entered under an administrator's deed of the land, and always claimed to be the owner of the property, and that his claim was open and notorious, and generally known to the community, warrants the court in finding an ouster of alleged co-tenants, and that they had notice of his claims of exclusive ownership, and that his possession was adverse to them.

ID. — STATUTE OF LIMITATIONS — DISABILITY — INFANCY — SUSPENSION OF STATUTE. — Where a person who could have maintained an action to recover her interest in land during her lifetime dies, the running of the statute of limitations is not suspended during the minority of one who claims the property under the decedent.

PATENT — EJECTMENT — EVIDENCE — OFFER OF PROOF — PUBLICATION OF NOTICE OF SURVEY AFTER PATENT — OBJECTIONS TO SURVEY. — An offer by the plaintiff, in an action of ejectment to recover land within the former pueblo of Los Angeles, to prove that there was no publication of notice of the survey and plat upon which was based the patent to the city of Los Angeles, under which the defendant claims, prior to the issuance of the patent, and that the United States surveyor-general published notice of the prior survey after the patent was issued, and that the city made objections to the survey, which were overruled, it being admitted that the city authorities did not then know of the issuance of the patent, and that they afterward demanded its delivery, is properly

rejected. Such evidence does not show a non-acceptance of the patent by the city, or that it did not pass the legal title, although a subsequent patent for the same land was issued and delivered to the city.

ID. — EFFECT OF PATENT — RECORD — VESTING OF TITLE — PRESUMPTION OF ACCEPTANCE. — When a United States patent is signed, sealed, and recorded in the records of the land-office, the title to the land therein described is transferred to the grantee, as far as the government is concerned, and its acceptance by the grantee will be conclusively presumed, unless, immediately upon knowledge of its issue, his refusal to accept it is explicitly declared, and such refusal is communicated to the land-office.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lee & Scott*, for Appellant.

Nordholt entered into possession under the administrator's deed purporting to convey the interest of the widow in the whole lot, but that interest was an undivided half, as the property was owned by Alvarado during his marriage, and therefore presumed to be community property. (*Meyer* v. *Kinzer*, 12 Cal. 247; 73 Am. Dec. 538; *Fuller* v. *Ferguson*, 26 Cal. 546; *Tolman* v. *Smith*, 85 Cal. 280.) A person remaining in possession, after entering under a claim of title of which he is co-tenant with another, cannot deny the common source of title, nor defend himself by proving that the paramount title is in a third person. (Freeman on Cotenancy and Partition, secs. 152, 153; *Weaver* v. *Wible*, 25 Pa. St. 270; 64 Am. Dec. 696.) And his possession will inure to the benefit of his co-tenants out of possession, so as to ripen their right into a title, if it is in another; and it is immaterial whether the deed under which he enters does in fact pass any interest. (*Park Comm'rs* v. *Coleman*, 108 Ill. 591.) And where the person entering as tenant in common acquires a true title from a third person, such tenant in possession cannot use the title so obtained to keep the other out, but the latter is entitled to be let into possession, and then the former may make his title available by appropriate action. (*Olney* v. *Saw-*

*yer*, 54 Cal. 379; *Bornheimer* v. *Baldwin*, 42 Cal. 34; *Rego* v. *Van Pelt*, 65 Cal. 254.) Plaintiff and his predecessors in interest did not lose their title by abandonment, as the doctrine of abandonment only applies where there has been a mere naked possession without title. (*Ferris* v. *Coover*, 10 Cal. 631; *Davis* v. *Perley*, 30 Cal. 630; *Davenport* v. *Turpin*, 43 Cal. 602.) The fact of abandonment must be affirmatively shown, and the proof must be clear. (*Corning* v. *Troy etc.*, 40 N. Y. 191; *Moon* v. *Rollins*, 36 Cal. 333; 95 Am. Dec. 181; *Keane* v. *Cannovan*, 21 Cal. 293.) It was not necessary to prove an ouster, as the plaintiff's complaint alleged adverse exclusive possession and a refusal to allow plaintiff to enter, which was not denied, but on the contrary the answer repudiated the plaintiff's title. (Freeman on Cotenancy and Partition, sec. 292; *Greer* v. *Tripp*, 56 Cal. 212.) There was no evidence offered to show what claim Nordholt made when he first took possession, excepting what may be inferred from the fact that he went into possession of the lot after receiving the first deed. The law will presume that every man having a right of entry or possession enters or occupies according to his title. (Freeman on Cotenancy and Partition, secs. 221, 222, 241; *Bath* v. *Valdez*, 70 Cal. 350.) And to overturn this presumption, there must be clear proof to the contrary. (Freeman on Cotenancy and Partition, sec. 167.) The deed to Mrs. Nordholt vested the interest conveyed as community property, as the amendment of 1889 to section 164 of the Civil Code is not retroactive. (*Tolman* v. *Smith*, 85 Cal. 280.) An actual ouster was necessary in order to start the statute of limitations in motion against Nordholt's co-tenants. (Angell on Limitations, sec. 420; Freeman on Cotenancy and Partition, sec. 232; *Carpentier* v. *Webster*, 27 Cal. 524; *Seaton* v. *Son*, 32 Cal. 481; *Packard* v. *Johnson*, 51 Cal. 545; *Aguirre* v. *Alexander*, 58 Cal. 21; *Coleman* v. *Clements*, 23 Cal. 247; *Reading's Case*, 1 Salk. 392; 1 Coke, 199 b; *Van Bibber* v. *Frazier*, 17 Md. 436; *Marr* v. *Gillian*, 1 Cold. 488; *Campau* v. *Campau*, 44 Mich. 31.) It is not sufficient that

Nordholt's possession was adverse; for there may be adverse holding by a tenant in common without an ouster, and likewise there may be an ouster without an adverse possession.   Both must exist to start the statute.   (*Miller* v. *Myers,* 46 Cal. 535; *Coleman* v. *Clements,* 23 Cal. 245; *Carpentier* v. *Webster,* 27 Cal. 524; *Greer* v. *Tripp,* 56 Cal. 209; *Packard* v. *Johnson,* 51 Cal. 545, 57 Cal. 180; *Aguirre* v. *Alexander,* 58 Cal. 21; *Unger* v. *Mooney,* 63 Cal. 586; 49 Am. Rep. 100; *Warfield* v. *Lindell,* 30 Mo. 272; 77 Am. Dec. 614.)   The entry under a deed for the whole from a tenant in common to a stranger, where the grantor claims to be sole owner, is notice to the co-tenants out of possession of the adverse claim, and constitutes an ouster. (*Unger* v. *Mooney,* 63 Cal. 586; 49 Am. Rep. 100; *Bath* v. *Valdez,* 70 Cal. 350.)   But a deed from a tenant in common, purporting to convey only the interest of the grantor, has never been deemed sufficient to put the co-tenants upon inquiry as to the claim of the grantee entering under such a conveyance.   (*Bath* v. *Valdez,* 70 Cal. 350; *Trenouth* v. *Gilbert,* 63 Cal. 404; Freeman on Cotenancy and Partition, sec. 225; *Edwards* v. *Bishop,* 4 N. Y. 61; *Purcell* v. *Wilson,* 4 Gratt. 16; *Holley* v. *Hawley,* 39 Vt. 525; 94 Am. Dec. 350; *Northrop* v. *Wright,* 24 Wend. 221; *Busch* v. *Huston,* 75 Ill. 343; *Van Bibber* v. *Frazier,* 17 Md. 436; *Hume* v. *Long,* 53 Iowa, 299.)   The record of a deed is constructive notice only to subsequent purchasers and incumbrancers from the grantor; and where a recorded deed for the whole is taken by a tenant in common in possession, it is not notice to his co-tenants of an adverse claim.   (*Leach* v. *Beatties,* 33 Vt. 199; *Page* v. *Branch,* 97 N. C. 97; *Holley* v. *Hawley,* 39 Vt. 525; 94 Am. Dec. 350.   See also *Cloud* v. *Webb,* 4 Dev. 290; *Culver* v. *Rhodes,* 87 N. Y. 348; *Roman Catholic Archbishop of San Francisco* v. *Shipman,* 79 Cal. 295, 296.)   Until the tenant out of possession has notice that the possession of his co-tenant has become hostile, it will be deemed, in law, to have been amicable, "notwithstanding the tenant in possession may, in fact, have been holding adversely." (*Miller* v. *Myers,* 46 Cal. 535.)   In order to relieve the adverse

claimant from this rule or presumption of law, it is necessary for the court to find notice to the other joint owner, and this will never be done in the absence of actual notice, where there is bad faith shown. (*Mc-Cracken* v. *San Francisco*, 16 Cal. 636; *Wilson* v. *Atkinson*, 77 Cal. 485; 11 Am. St. Rep. 299; *Snydor* v. *Palmer*, 29 Wis. 249; *Austin* v. *Barrett*, 44 Iowa, 488; *Bender* v. *Stewart*, 75 Ind. 88.) We refer the court also to the following cases, as bearing upon the question of ouster and adverse claims: *Coleman* v. *Clements*, 23 Cal. 245; *Owen* v. *Morton*, 24 Cal. 373; *Carpentier* v. *Mendenhall*, 28 Cal. 484; 87 Am. Dec. 135; *Carpentier* v. *Webster*, 27 Cal. 524; *Carpentier* v. *Gardiner*, 29 Cal. 160; *Seaton* v. *Son*, 32 Cal. 481; *Greer* v. *Tripp*, 56 Cal. 209; *Aguirre* v. *Alexander*, 58 Cal. 21; *McNiel* v. *Congregational Society*, 66 Cal. 105; *Tully* v. *Tully*, 71 Cal. 341; *Watson* v. *Sutro*, 86 Cal. 500; *Jones* v. *Throckmorton*, 57 Cal. 368; *Roach* v. *Caraffa*, 85 Cal. 436; *McClure* v. *Colyear*, 80 Cal. 378; *Grider's Estate*, 81 Cal. 571; *Van Bibber* v. *Frazier*, 17 Md. 436; *Hart* v. *Gregg*, 10 Watts, 185; 36 Am. Dec. 166. The rule is, that a tenant in common cannot acquire title by adverse possession, unless there has been such an ouster of his co-tenants as to entitle them to bring ejectment against him. (*Day* v. *Davis*, 64 Miss. 253.) The long possession of Nordholt ought not to entitle his successors to any consideration, as he never purchased the whole property in good faith, and never believed that he was the owner of more than an undivided interest therein. (*Williams* v. *Sutton*, 43 Cal. 74. See also *Phillips* v. *Gregg*, 10 Watts, 158; 36 Am. Dec. 158; *Bolton* v. *Hamilton*, 2 Watts & S. 295; 37 Am. Dec. 509; *Austin* v. *Barrett*, 44 Iowa, 488; *Sydnor* v. *Palmer*, 29 Wis. 249; *Kathan* v. *Rockwell*, 16 Hun, 90; *Culver* v. *Rhodes*, 87 N. Y. 348; *Busch* v. *Huston*, 75 Ill. 343; *Cooley* v. *Porter*, 24 W. Va. 125; *Tulloch* v. *Worrall*, 49 Pa. St. 133; *Challefoux* v. *Ducharme*, 4 Wis. 554; *Holley* v. *Hawley*, 39 Vt. 525; 94 Am. Dec. 350; *Purcell* v. *Wilson*, 4 Gratt. 16; *Edwards* v. *Bishop*, 4 N. Y. 61; *Roberts* v. *Morgan*, 30 Vt. 324; *Hunt* v. *Hunt*, 3 Met. 175; 37 Am. Dec. 130; *Cam-*

*pau* v. *Campau*, 44 Mich. 31.)   One of Nordholt's co-
tenants was a minor during the greater part of his
occupation, and became of age within five years prior to
the commencement of the action.   The rule is, that an
infant is not chargeable with notice of the adverse claim
of his co-tenant, and the period of his infancy is not
counted in determining whether the adverse possession
has continued a sufficient length of time to justify the
presumption of an ouster.   (*Northrop* v. *Marquam*, 16
Or. 493.)   A short possession prior to the death of the
minor's ancestor is not sufficient proof of an adverse pos-
session.   (*Day* v. *Davis*, 64 Miss. 253.)   It thus appear-
ing that there was a minor tenant in common whose
rights were not barred by Nordholt's possession, and the
latter being a co-tenant with him, his minority protected
all his co-tenants out of possession, and therefore the stat-
ute of limitations did not begin to run against plaintiff
or any of his grantors until within five years prior to the
commencement of the action.   (*McGee* v. *Hall*, 26 S. C.
179; *Lakiffe* v. *Smart*, 1 Bail. 192; *Faysoux* v. *Prather*, 1
Nott & McC. 298; 9 Am. Dec. 691; *Grey* v. *Givens*, 2 Hill
Ch. 513.)   The city refused to accept the patent of Au-
gust 9, 1866, by protesting against the survey, which had
excluded several hundred acres of land confirmed to it.
This patent, therefore, never having been actually deliv-
ered, and having been issued contrary to law, and hav-
ing also been followed by the issuance and delivery of
another patent in strict conformity with the statute, was
void, and the true patent was that of August 4, 1875.
(*Le Roy* v. *Clayton*, 2 Saw. 495; *Le Roy* v. *Jamison*, 3 Saw.
369.)

*Stephen M. White*, and *Shinn, Edgerton & Ling*, for
Respondents.

The plaintiff will not, in any event, be entitled to re-
cover, unless he establishes, *prima facie*, a valid title to
the property.   (*Busenius* v. *Coffee*, 14 Cal. 93.).   When
the plaintiff relies upon his title as the basis of his right
to recover possession, and fails to establish it, judgment

is properly rendered against him. (*Talbert* v. *Hopper*, 42 Cal. 397.)    Although a prior possession is sufficient to entitle a party to recover in an action of ejectment against a mere intruder, or a person subsequently entering without lawful right, if the action to recover the prior possession be brought within a reasonable time, yet if there has been delay in bringing the suit, the *animus revertendi* must be shown, and the delay must be satisfactorily accounted for, or the possessor may be deemed to have abandoned his claim to the possession. (Tyler on Ejectment, 723.)    Where no title appears on either side, a prior possession, though short of the statutory bar, will prevail over a subsequent possession which has not ripened into a title, provided the prior possession be under a claim of right, and not voluntarily abandoned.    (*Bledsoe* v. *Simms*, 53 Mo. 309; *Bequette* v. *Caulfield*, 4 Cal. 278; 60 Am. Dec. 615.)    The question of abandonment was peculiarly a matter for the determination of the judge who tried the case.    It involved an examination as to the intention of the plaintiff's predecessors when they left the property in 1855.    This issue was determined adversely to appellant, and such determination is, under all the circumstances, final. (*Keane* v. *Cannovan*, 21 Cal. 303; *Bell* v. *Red Rock Co.*, 36 Cal. 217; *Moon* v. *Rollins*, 36 Cal. 337; 95 Am. Dec. 181.)    As the evidence showed that Nordholt had been in possession of the land, either personally or through his successors, and that he and his heirs had received all the rents of the property in controversy, from the date of the administrator's deed to the time of trial, and had paid all taxes, a sufficient notice of the adverse claim was proven.    (Freeman on Cotenancy and Partition, sec. 242; *Bath* v. *Valdez*, 70 Cal. 359; *Oglesby* v. *Hollister*, 76 Cal. 141; 9 Am. St. Rep. 177; *Packard* v. *Moss*, 68 Cal. 123; *Lefavour* v. *Homan*, 3 Allen, 354; *Frederick* v. *Gray*, 10 Serg. & R. 182; *Kayser* v. *Evans*, 30 Pa. St. 509; *Hubbard* v. *Wood*, 1 Sneed, 286; *Dikeman* v. *Parrish*, 6 Pa. St. 227; 47 Am. Dec. 455; *Jackson* v. *Whitbeck*, 6 Cow. 633; 16 Am. Dec. 454; *Harmon* v. *James*, 7 Smedes & M. 111;

45 Am. Dec. 296; *Bryan* v. *Atwater*, 5 Day, 188; 5 Am. Dec. 136.) Where one enters and takes the profits exclusively and continuously for a long period, under circumstances which indicate a denial of the right in another to receive them, an ouster may be presumed. (Buswell on Limitations, 417; *Sydnor* v. *Palmer*, 29 Wis. 226; *Cain* v. *Furlow*, 47 Ga. 675; *Peaceable* v. *Read*, 1 East, 568.) Sole possession of property incapable of actual division or separate occupancy by one co-tenant is an ouster as to the other, and entitles the latter thereafter to have his share of the rents and profits. (*Annely* v. *De Saussure*, 26 S. C. 497; 4 Am. St. Rep. 725.) Although, as a general rule, entry of one tenant in common will inure to the benefit of all, yet he may so enter and hold as to render his entry and possession adverse, and an ouster of co-tenants; and where a vendee of one tenant in common sets up a claim in his own right to the whole tract of land, and enters and holds possession openly and continuously for more than the statutory period, his possession is adverse, and a recovery by the other tenants in common is barred, although they had no actual notice of the adverse character of the possession. (*Greenhill* v. *Biggs*, 85 Ky. 155; 7 Am. St. Rep. 579.) Although the possession of a tenant in common is not necessarily adverse to his co-tenant, it may be regarded as such where one holds possession under a claim of entire ownership, and his co-tenant has knowledge of it. It is not necessary to show by direct and pointed evidence that the co-tenant has such knowledge; it is sufficient if it is not shown otherwise, and the circumstances are such that it may reasonably be presumed that the co-tenant has such knowledge. (*Knowles* v. *Brown*, 89 Iowa, 11.) Whether the plaintiff had sufficient notice to put him on his guard was a question for the court. (*Renton* v. *Monnier*, 77 Cal. 456.) The possession of the whole of the property by Nordholt, and the appropriation of all the rents and profits, were sufficient evidences of hostile occupancy, and cast upon plaintiff the burden of showing that he either prosecuted an inquiry,

or that the condition of things was such that an investigation would have thrown no light upon the subject. Not having pursued such inquiry, he is chargeable with notice. (*Dreyfus* v. *Hirt*, 82 Cal. 626; Wade on Notice, secs. 11, 296, and authorities cited.)  The statute of limitations is no defense here.  When once the statute commences to operate, it will continue to run, regardless of any intervening disability.  (Wood on Limitations, sec. 6; Buswell on Limitations, sec. 372.)  Where a person in whose favor a cause of action for the recovery of real estate exists, and who is under no disability, dies, the statute of limitations does not cease running against those to whom the property is devised or descends, notwithstanding their disability at that time.  The disability must exist at the time the right of action first accrues. (*McLeran* v. *Benton*, 73 Cal. 329, 344; 2 Am. St. Rep. 814.)  When the statute of limitations commences running in the life of the decedent, it will not be suspended by his death until administration is granted on his estate.  For it is a general principle of limitations that, after the cause of action has once accrued, subsequent accruing disabilities do not stop the running of the statute. (See note to *Miller* v. *Surls*, 65 Am. Dec. 596, and numerous authorites cited; *Grether* v. *Clark*, 75 Iowa, 383; 9 Am. St. Rep. 491; *Chancey* v. *Powell*, 103 N. C. 159; *Frederick* v. *Williams*, 103 N. C. 189.)  Where one of the tenants in common is barred, all are barred, notwithstanding individual instances of disability.  (Freeman on Cotenancy and Partition, sec. 378; Buswell on Limitations, sec. 126. See also *Moore* v. *Armstrong*, 10 Ohio, 11; 36 Am. Dec. 63.)  There was no error in excluding the evidence offered by appellant for the purpose of defeating the patent of Los Angeles city, issued in 1866.  It is immaterial that the patent does not recite that the several acts, which were required by law to be done in order to justify the action of the officers of the land department, were in fact done.  It is enough that those officers acted. Their decision was the mere exercise of a power confided to them.  They operated within their jurisdiction; hence

what they did is conclusive, so far as collateral attack is concerned.  (*Houston* v. *San Francisco*, 47 Fed. Rep. 337; *Los Angeles Farming etc. Co.* v. *Hoff*, 48 Fed. Rep. 340; *Knight* v. *United Land Ass'n*, 142 U. S. 161; *United States* v. *Schurz*, 102 U. S. 378; *Levey* v. *Stocklager*, 129 U. S. 477; *Iron Silver Min. Co.* v. *Campbell*, 135 U. S. 302; *Miller* v. *Ellis*, 51 Cal. 73; *Eltzroth* v. *Ryan*, 89 Cal. 139; *De Guyer* v. *Banning*, 91 Cal. 400.)

DE HAVEN, J. — Action to recover possession of an undivided interest in a certain lot in the city of Los Angeles, which plaintiff claims to own in common with four of the defendants, the other defendants being tenants of these four.

The plaintiff claims title to a portion of the interest sought to be recovered by him by inheritance from his grandfather, Francisco Javier Alvarado, and to the remaining portion by purchase from certain heirs of the same person.

The answer denied plaintiff's alleged ownership, and also contained a plea of the statute of limitations.

The court found that plaintiff was not the owner of any interest in the property, and also that his cause of action is barred by section 318 of the Code of Civil Procedure, and thereupon judgment was entered in favor of defendants.

The plaintiff insists that the findings of the court are not sustained by the evidence.

The land in controversy is within the limits of the former pueblo of Los Angeles.  No written evidence of title in plaintiff's grandfather was produced, but it was shown that he occupied the premises as a house-lot from 1817 until the date of his death in 1831, and that his widow continued in the occupation thereof until her death in 1851.  It was also proven that there is not to be found in the archives of the city of Los Angeles, the successor to the pueblo, any record of titles or grants made by the pueblo prior to 1828, and that there are no formal municipal records of the pueblo of a date prior

to 1832. If it should be assumed that these facts are sufficient upon which to base the presumption contended for by plaintiff, that the pueblo of Los Angeles did, in fact, grant to his grandfather the land in controversy, and that the written evidence thereof had been lost or destroyed, still if the court was right in its findings that defendants have acquired title by adverse possession, the judgment must be affirmed, and this question we proceed to consider.

As we understand this record, the grandfather of plaintiff left surviving him a widow, ten children, and grandchildren of a deceased daughter. The widow with some of her children continued to occupy the land in controversy from the death of her husband in 1831 until her own death in 1851. Proceedings for administration upon her estate were commenced in 1859, and the land was appraised as property belonging to it, and was sold by the administrator of said estate to one William Nordholt, and this sale being confirmed by the probate court, the said Nordholt received the administrator's deed therefor on February 14, 1866, and thereafter continued in possession of the land so conveyed until his death in 1885, at which time the defendants succeeded to his title. It is claimed by appellant that as the widow of his grandfather was only the owner of an undivided interest in this land at the time of her death, her children and grandchildren having succeeded to the remaining portion of her husband's estate, the effect of the administrator's deed was only to convey such interest as she had, and that said Nordholt thereupon became a tenant in common with the children of such widow, the remaining heirs of the elder Alvarado. Conceding this to be so, we think the evidence was sufficient to justify the court in finding that said Nordholt entered into possession, and thereafter, until his death, continued to hold the same, claiming the whole of said land as his own, and to show an ouster of his co-tenants within the rule announced by this court in the cases of *Unger* v. *Mooney,* 63 Cal. 586;

49 Am. Rep. 100; *Bath* v. *Valdez*, 70 Cal. 350; and *Winterburn* v. *Chambers*, 91 Cal. 170.

Whether Nordholt entered into possession, acknowledging himself as a co-tenant of those under whom plaintiff claims, or whether he entered claiming the whole title, and whether his possession thereafter was adverse, and of such notoriety that his alleged co-tenants must, in the nature of things, be presumed to have known of his claim of exclusive ownership, were questions of fact to be determined by the lower court upon a view of all the circumstances in evidence.

It was admitted upon the trial that from the date of the administrator's deed referred to down to the commencement of this action, the said Nordholt, and defendants who have succeeded to his title, received all the rents of the property, and paid all taxes which have been assessed against it.  There was also evidence tending to show that all street-improvement assessments charged against said property had been paid by defendants or their predecessors.  The land is within two hundred yards of the business center of the city, and the record does not show that the plaintiff, or any of those to whose alleged rights he has succeeded, ever made any claim for this property until some time in 1884.

Upon these facts, and other evidence tending to show that Nordholt always claimed to be the owner of the property, that this claim was open and notorious, and generally known to the community, the court was warranted in finding that his alleged co-tenants had notice of his claim of exclusive ownership, and that his possession was adverse to them.

The plaintiff himself attained his majority within five years before the commencement of this action, but as his mother, under whom he claims, lived for something more than a year after Nordholt took possession under his deed, and could have maintained an action to recover her interest in the land during her lifetime, the running of the statute of limitations was not suspended during

the minority of plaintiff. (*McLeran* v. *Benton,* 73 Cal. 344.

The court did not err in its ruling on plaintiff's offer to prove that there was no publication of notice of the survey and plat upon which was based the patent to the city of Los Angeles of August 9, 1866, prior to the issuance of that patent, and in excluding proof of the other matters contained in plaintiff's offer. In the case of *Cruz* v. *Martinez,* 53 Cal. 239, this court substantially passed upon the same question, and held such proof inadmissible, saying: " The patent to the city of Los Angeles, bearing date the ninth day of August, 1866, having been duly signed and recorded in the proper book in the general land-office, vested in the city the legal title to the lands therein described."

We see no material difference between the facts contained in plaintiff's offer and those before the court in that case. The fact offered to be shown by plaintiff, to the effect that after the issuance of the patent of August 9, 1866, the United States surveyer-general published notice of the prior survey upon which such patent was in fact based, and that the city of Los Angeles then filed objections to such survey, which were overruled, is not sufficient to show that such patent was rejected by the city, or that it did not convey the legal title, or that it was recalled and canceled with the consent of the city. In fact, we do not understand that it is claimed, or that plaintiff offered to show, that such patent was in fact recalled or canceled. In addition to this, plaintiff's offer contained an admission that at the time the city filed its objections to such survey, "its common council, mayor, and authorities" did not know of the issuance of the prior patent, and never heard of the same, " until after the execution of said patent of August 4, 1875; but said corporation, in January, 1876, demanded from said commissioner the delivery of said patent of 1866."

The rule in regard to a United States patent is, that when it is signed, sealed, and recorded in the records of the land-office, then, so far as the government is con-

cerned, the title to the land therein described has been transferred to the grantee, and "its acceptance by the grantee will then be conclusively presumed, unless, immediately upon knowledge of its issue, his refusal to accept it is explicitly declared, and such refusal is communicated to the land-office." (*Leroy* v. *Jamison*, 3 Saw. 391; *Case of Mutell?*, 3 Op. Att'y-Gen. 654.)

It is very apparent that under this rule the matters offered to be proven by plaintiff were not sufficient to show that the patent of August 9, 1866, did not vest in the city of Los Angeles the title to the land therein described, at its date, or that such title was not acquired by the city until the issuance to it by the United States of the subsequent patent for the same land on August 4, 1875.

There are no other assignments of error which require special discussion.

Judgment and order affirmed.

SHARPSTEIN, J., McFARLAND, J., HARRISON, J., PATERSON, J., and GAROUTTE, J., concurred.

Rehearing denied.