[Civ. No. 1567.   Third Appellate District.—December 29, 1916.]

MARY F. LAZARUS, Appellant, v. RALPH R. BYRNES, Sheriff, etc., et al., Respondents.

CONVERSION—SEIZURE AND SALE OF PROPERTY UNDER EXECUTION—COLORABLE SALE—JUSTIFICATION.—In an action against a sheriff to recover damages for the alleged conversion of certain horses and vehicles of which the plaintiff alleged that she was the owner, and which the defendant seized and sold under a writ of execution issued on a judgment of a justice's court in an action to which she was a stranger, sufficient justification for the seizure and sale, independent of the validity of the judgment, is shown by the evidence that the plaintiff and the judgment debtor were sister and brother, and that the transaction between them, upon which plaintiff relied, consisted merely in her brother taking the horses and vehicles out of his barn to the street, and stating to plaintiff's agent there present that he had sold the property to the

plaintiff, and then taking the property back to the barn and thenceforth using it in his business to all appearances as the owner, as he had done for several years previous thereto.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Charles Kasch, for Appellant.

Mannon & Mannon, for Respondents.

CHIPMAN, P. J.—This is an action to recover damages for the alleged conversion of certain personal property of which plaintiff alleges that on September 11, 1913, and for a long time prior thereto she was the owner; that on said mentioned day defendant Byrnes, as sheriff of said county, "wrongfully took and carried away and converted and disposed of said personal property, under the purported authority of a writ of execution"; "that the aforesaid purported writ of execution was not directed against this plaintiff or any property, real or personal, of this plaintiff"; that this plaintiff "is a stranger and not a party to the suit wherein said purported writ of execution was issued"; that said Byrnes, as said sheriff, was without authority to seize, take, or sell said personal property; that by reason of said act plaintiff has been damaged, etc. By proper averments the said sheriff's bondsmen are made parties defendant.

A general and special demurrer was overruled and defendants answered: Alleged that on November 4, 1910, a judgment was duly given and made in the justice's court of Big River Township, county of Mendocino, whereby it was adjudged that certain named persons, plaintiffs in the action, have and recover judgment against M. D. Nolan for the sum of $238 and costs; that on September 11, 1913, an execution was duly issued out of said justice's court, directed to the sheriff of said county, whereby said sheriff was commanded to make the amount of said judgment out of the property of said Nolan; that defendant Byrnes, acting under the written instructions from plaintiff's attorneys in said action and upon the authority of said writ, did take into his possession the personal property mentioned in said complaint and did sell the

same; that all of said property then was and for a long time prior thereto had been the property of said Nolan; that said defendant sheriff, as aforesaid, sold said property at public auction, and after deducting the expenses of said sale, applied the proceeds thereof in satisfaction of said judgment; that "plaintiff did not previous to said sale nor for more than five months thereafter claim the property . . . or any part thereof as her property by a written claim verified by her oath . . . setting out her right to the possession thereof and served the same upon the said sheriff."

For further defense denied that plaintiff was on September 11, 1913, or at any other time, the owner of said property and denied that said property was of the value alleged or of any value other than as specifically set forth in the answer; denied that defendant, said sheriff, "did not well, truly, and faithfully perform the duties of his said office" in said matter; denied that defendant, said sheriff, on said September 11, 1913, or any other time, wrongfully or at all deprived plaintiff of the use or possession of said property, and denied that plaintiff had been damaged by reason of any acts of said sheriff or at all.

A demurrer to the answer was overruled and a motion to strike out certain averments of the answer was denied.

The cause was tried by the court without a jury and defendants had the judgment, from which plaintiff appeals:

The court found as facts: "That the plaintiff was not on the 11th day of September, 1913 . . . or at any other time the owner or in the possession or entitled to the possession of the personal property described and set forth in paragraph III of the first amended complaint or any thereof," nor was plaintiff the owner or entitled to the possession of any of said property at the time of the commencement of the action or at any other time; the value of each article is specifically found, and the court also found the facts pleaded in justification by the sheriff to be as alleged in the answer.

Plaintiff and Nolan are sister and brother. The latter for fourteen or fifteen years prior and up to September 11, 1913, was engaged in the livery and draying business in Mendocino City and had possession of and was using the property in question in said business. The claim of plaintiff is that Nolan sold the property to her in 1909 or 1910, and that thereafter he had

possession of the property as her manager. Nolan testified that plaintiff had loaned him money, from time to time, and the transfer of the property to plaintiff was to discharge this indebtedness. That transaction was fully gone into, and the court found upon sufficient evidence that plaintiff had not at the time of the trial or at any time prior thereto, any right, title, or interest in the property as owner or otherwise, or right of. possession thereto. In her opening brief plaintiff does not attack this finding, but assails the judgment of the justice's court as invalid on the grounds: 1. That the trial in that court was not set for any certain hour; 2. That there was no legal notice of setting the case for trial; 3. That the court did not wait one hour after the case was first called before proceeding to hear the evidence and render judgment. It is further contended that there are no intendments in favor of a judgment of a justice of the peace, and a party relying on such a judgment must establish the legality of every step necessary to a valid judgment.

Defendants introduced copies of the pleadings in the justice's court, summons and evidence of service thereof, the docket entries of the justice of the peace, the default judgment, execution, return of the sheriff showing satisfaction of the judgment. In short, copies of all the proceedings in the justice's court and in the sheriff's office relating to said action. Plaintiff points out some irregularities in the proceedings in the justice's court which it is claimed show an invalid judgment. The rule as to judgments of a justice's court is as stated by plaintiff. (*Eltzroth* v. *Ryan,* 89 Cal. 135, 140, [26 Pac. 647] ; *Harlan* v. *Gladding etc. Co.,* 7 Cal. App. 49, 53, [93 Pac. 400].)

In *Thornburgh* v. *Hand,* 7 Cal. 554, 567, it was said: "The rule is, that if a sale is made which was intended to be good between the parties, it cannot be attacked until the officer shows that he is entitled to represent the creditor; but if the sale is merely colorable, and it appears from the testimony that it was never the intention of the parties to pass the title, that the plaintiff is but the agent or bailee of the defendant in attachment, then the writ would be a sufficient justification for the officer, as it is evident that an agent, by reason of a colorable or fraudulent sale, would be in no better condition than his principal.

"The rule is thus laid down by Starkie, in his work on Evidence: 'If the assignment and delivery of possession were merely colorable, and the property still remained in the debtor, against whose goods the execution issued, the sheriff, it seems, would be entitled to a verdict without proof of the judgment, the plaintiff having no property in the goods.'"

The evidence in this case is that at the time of the alleged sale the ceremony constituting the transfer consisted in Nolan's taking the horses and vehicles out of his barn to the street, and stating to plaintiff's agent there present that he had sold the property to plaintiff, and thereupon taking the property back to the barn and thenceforward using it as he had for years before to all appearances as the owner.

Plaintiff resided in Sausalito and did not see the property and never did have personal possession of it. There were other facts tending to show that the alleged sale was a mere pretence and not a *bona fide* transfer of the property.

The rule stated in *Thornburgh* v. *Hand*, 7 Cal. 554, seems to be directly applicable here. It is, therefore, unnecessary to consider the alleged irregularities in the proceedings in the justice's court.

The writ of execution was sufficient justification for the sheriff.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.