[Civ. No. 4358. Second Appellate District, Division One.—July 24, 1924.]

ELLEN HENNESSY, Administratrix, etc., Appellant, v. TITLE INSURANCE AND TRUST COMPANY, Executor, etc., et al., Respondents.

[1] QUIETING TITLE—TITLE IN NAME OF HUSBAND—PURCHASE WITH MONEY OF WIFE — ACTION BY WIFE—STATUTE OF LIMITATIONS.— Where title to real property was taken in the name of a husband and thereafter held by him in his name until the death of his wife, which occurred about twelve years after the taking of title,

---

1. Limitation of actions between husband and wife, notes, 1 **Ann. Cas.** 644; 16 **Ann. Cas.** 906; **Ann. Cas.** 1914C, 570. See, also, 16 **Cal. Jur.** 425; 13 **R. C. L.** 1405; 17 **R. C. L.** 964.

and during the time intervening between the taking of title and the death of the wife a declaration of homestead on the property was made and recorded by the husband, in which declaration the wife did not join, if the money with which the property was purchased belonged to the wife and assuming that the statutes then in force otherwise permitted the maintenance by her of an action to quiet title to the property, the wife had five years within which to commence such an action; and no action to quiet title in her name having been commenced by her before her death, such an action was barred at the time of her death.

[2] ID.—DEATH OF WIFE — STATUTE OF LIMITATIONS. — The fact that there was no administration upon the estate of the wife does not affect the matter; even had she died before the lapse of five years after the property was purchased, the statute would not have been tolled, either pending the appointment of an administrator of her estate or after an administrator had been appointed.

[3] ID.—RECOVERY OF REAL PROPERTY—DEATH OF PERSON—STATUTE OF LIMITATIONS.—Where a person in whose favor a cause of action for the recovery of real property exists, and which person dies, the statute of limitations does not cease running as against those to whom the property would descend.

---

(1) 37 C. J., p. 742, sec. 58.    (2) 18 C. J., p. 905, sec. 184; 37 C. J., p. 1035, sec. 443.    (3) 18 C. J., p. 905, sec. 184; 37 C. J., p. 1035, sec. 443.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Loewenthal, Collins & Loewenthal and Erwin P. Werner for Appellant.

S. F. McFarlane, Clair S. Tappaan, Earle M. Daniels, Stephens & Stephens and Albert M. Stephens for Respondents.

HOUSER, J.—The suit here involved was brought for the purpose of quieting title to certain real property situated in the county of Los Angeles. Plaintiff appeals from a judgment entered in favor of the defendants.

On the trial it was stipulated that on May 8, 1873, the common source of title was in a certain named person, at

---

3.    See 16 Cal. Jur. 561; 17 R. C. L. 850.

which time the property was conveyed to one Patrick Cassidy, who was a married man, and who, on October 8, 1878, made and recorded a declaration of homestead covering the property, and in which declaration his wife, Bridget Cassidy, did not join. Seven years later the wife died. Within three years after the wife's death Patrick Cassidy conveyed all of said property in different parcels to defendants' predecessors, and of such property, ever since such respective conveyances, they, with the defendants herein, have been in continuous possession and have paid all taxes levied or assessed thereon. No administration was ever had on the estate of Bridget Cassidy, deceased, until more than thirty-five years had elapsed after her death, at which time plaintiff herein was appointed, qualified, and at all times here involved was the administratrix of the estate of Bridget Cassidy, deceased.

As a part of plaintiff's case a tender and offer of proof were made of the following facts: That Bridget Cassidy inherited money from her parents; that with said money she purchased the property which is the subject of this action; that at the time of the signing and recording of the declaration of homestead hereinbefore referred to, Patrick Cassidy and Bridget Cassidy were husband and wife and that they, together with their family of four children, actually resided on said property; and that the actual value of said property did not exceed the sum of five thousand dollars. Plaintiff further offered to prove each and all of the several facts set forth in said declaration of homestead.

Defendants objected to the evidence so offered and to each and every part thereof on the grounds that the same was incompetent, irrelevant, and immaterial; that plaintiff was not a proper party plaintiff; and that it affirmatively appeared that plaintiff's rights, if any, had been barred by laches, as well as by the provisions of each of sections 318, 319, 320, and 322 of the Code of Civil Procedure.

The court sustained said objections and each of them, whereupon plaintiff rested her case.

The only error claimed by appellant is that the trial court erred in sustaining defendants' said objections.

Appellant contends that because she could have established the ultimate fact that the money with which the property was purchased was the separate property of Bridget Cas-

sidy, and because she did not join in the declaration of homestead thereon, notwithstanding the fact that for more than twelve years Patrick Cassidy held title to the property in his own name and during that time made and recorded a declaration of homestead thereon, the actual title to the property was in Bridget Cassidy at the time of her death.

[1] The principal question in the case relates to the statute of limitations. Section 318 of the Code of Civil Procedure provides that "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action."

The property was purchased in 1873, and whether purchased with Patrick Cassidy's money or with Bridget Cassidy's money, the title was taken in the name of Patrick Cassidy and it was he who had the declaration of homestead recorded. If the money with which the property was purchased belonged to Bridget Cassidy, even assuming that the statutes then in force otherwise permitted the maintenance by her of an action to quiet title to the property (which proposition is denied by respondents), she had five years within which to commence such an action, if she desired so to do. The admitted facts show that for twelve years before her death no action was commenced. From a reading of the statute, to which reference has been had, as well as to other related sections set forth in the objections to which we have referred and upon which respondents rely, it would seem clear that the action was barred at the time of Mrs. Cassidy's death. [2] The fact that there was no administration upon her estate does not affect the matter. Even had she died before the lapse of five years after the property was purchased, the statute would not have been tolled, either pending the appointment of an administrator of her estate or after an administrator had been appointed. [3] The principle is clearly announced in the leading case of *McLeran* v. *Benton*, 73 Cal. 329 [2 Am. St. Rep. 814, 14 Pac. 879], where it is held that where a person in whose favor a cause of action for the recovery of real property exists, and which person dies, the statute of limitations does not cease running as against those to whom the property would descend; and

the same rule is laid down in the following cases: *Alvarado v. Nordholt,* 95 Cal. 116 [30 Pac. 211]; *Castro* v. *Geil,* 110 Cal. 292 [52 Am. St. Rep. 84, 42 Pac. 804]; *Anderson* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963]; *Westphal* v. *Arnoux,* 51 Cal. App. 532 [197 Pac. 395].

Without reference to other questions raised on the appeal, it follows that the trial court properly sustained the objections to which we have referred, and that the judgment should be affirmed. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.