# W. H. BLOOD *v.* THOMAS SHANNON.

PRINCIPAL AND ATTORNEY IN FACT.—One who has given to another a power of attorney to sell his real estate, may sell the same, notwithstanding the execution of the power, provided he does so before the attorney acts under the power.

SALE BY ATTORNEY IN FACT AND PAYMENT FOR HIS SERVICES.—S. gáve B. a power of attorney to sell his real estate for a sum certain in gold coin, provided he did so within fifteen days, and agreed to give ten per cent for making the sale. Two days thereafter, B. made the sale, and received a bank check for the price. S. refused to ratify the sale, because he had previously sold the property. *Held*, that S. not having objected to the sale by B. because he did not receive the money, was liable for the ten per cent. *Held*, further, that S. should have objected to the mode of payment before it was too late to obviate it.

APPEAL from the District Court, Second Judicial District, Plumas County.

The facts are stated in the opinion of the Court.

*J. W. Coffroth*, for Appellant.

*H. H. Hartley*, for Respondent.

By the Court, CURREY, C. J.

The defendant, being the owner of an undivided interest in certain real property in Plumas County, appointed and by deed constituted the plaintiff his true and lawful attorney, with authority to bargain, sell and convey the same for and in the name of the defendant, for the sum of eighteen thousand dollars in United States gold coin. The deed granting this power to the plaintiff was dated the 17th of August, 1864. The power granted was to continue irrevocable for fifteen days from that date. On the nineteenth of the same month the plaintiff, as the Court found, " consummated the sale of the property for the sum of eighteen thousand dollars to one John Center, of the City and County of San Francisco, payable in gold coin." On the day the sale was made the plaintiff executed to the purchaser a deed for the property ; and three days thereafter he informed the defendant of what he had done, upon which the defendant stated in substance, that notwith-

50

standing the plaintiff had the right to make the sale, he, the defendant, also had the right to sell, and had exercised such right, and sold the property for eighteen thousand five hundred dollars. The plaintiff then demanded of the defendant a commission of ten per cent on the eighteen thousand dollars for which he had sold the property to Center. The defendant refused to pay the amount demanded or any portion of it. The plaintiff afterward brought his action to recover such commission, amounting to one thousand eight hundred dollars. The case was tried by the Court without a jury and judgment was rendered for the plaintiff for the sum demanded and costs. This judgment the defendant sought to have set aside on a motion for a new trial, on the grounds :

First—That instead of the plaintiff's selling the property for eighteen thousand dollars cash in hand, he sold the same for said sum and took the purchaser's check on a San Francisco bank in payment therefor, without authority so to do.

Second—That the finding of the Court was contrary to the evidence.

The motion for a new trial was denied, and the same objections are urged on appeal as demanding a reversal of the judgment. Other objections were made on the motion for a new trial, but the record does not set forth the facts and circumstances on which they were founded, and hence no further notice will be taken of them.

I. The power conferred on the plaintiff was to sell the property within fifteen days from the date of the power of attorney for eighteen thousand dollars, in gold coin. Under this power the plaintiff was not authorized to sell on a credit or on any other terms than for gold coin. The plaintiff testified that he did not receive the gold coin for which he sold the property, but that the purchaser gave him a check for the amount, which was good for the money on presentation. When informed of the sale made by the plaintiff, and that he had the purchaser's check for the money, the defendant made no objection on that ground, but he said he could not give Center possession of the property because he had already sold it, which he maintained

he had a right to do. Having sold the property to another, the objection to giving Center possession was a valid one, and rendered it unnecessary on the part of the plaintiff to procure the money on the check and to tender it to the defendant. Had the defendant refused the check on the ground that it was not the money for which the property had been sold to Center, the plaintiff could have obtained the money within the fifteen days given him to effect the sale. Not having objected to the mode of payment at the time, it would not be just to allow the defendant to raise the objection after it was too late to obviate it.

II. The finding, we think, was sustained by the evidence. The defendant agreed to pay plaintiff ten per cent on the sum of eighteen thousand dollars, provided he made a sale of the property for that sum. The power granted to plaintiff was to continue for fifteen days. On the faith of the contract between the parties the plaintiff rendered his services by effecting a sale for the price specified. He was employed for the purpose of performing this service, and having performed it, he was entitled to the compensation which the defendant agreed to pay him therefor. (*Middleton* v. *Findla*, 25 Cal. 76.)

The judgment is affirmed.