[No. 9878.   Department Two. — October 28, 1886.]

JOHN M. WILSON ET AL., RESPONDENTS, v. T. W. STUR-GIS, APPELLANT.

VENDOR AND VENDEE — PART PAYMENT OF PURCHASE PRICE — RESCISSION
BY VENDOR. — A vendor under a contract for the sale of land, who has
received a part of the purchase price at the time of the execution of the
contract, cannot rescind the contract on account of the non-payment of
the balance of the purchase price on the day stipulated for in the agree-
ment, without returning or offering to return to the vendee the money
that he had received on account of the contract.

BROKER — SALE OF REAL ESTATE — COMMISSIONS WHEN EARNED. — The
action was brought to recover the amount of commissions alleged to be
due to the plaintiffs under a contract for the sale of land.   On the 10th
of May, 1883, the defendant entered into a written contract with the
plaintiffs whereby he authorized them to sell a ranch belonging to him
at a stated price prior to the 1st of September, 1883, and in considera-
tion of their being instrumental in effecting a sale or finding a purchaser,
agreed to pay them certain commissions.   On the 21st of May, 1883, the
plaintiffs found a purchaser to whom they agreed to sell for the price
limited, a part of which was paid at the time, and the balance agreed to
be paid and the deed delivered on or before the 1st of September, at a
designated bank.   On that day, the parties met at the bank, when Cox,
the purchaser, offered checks in payment of the balance due, which the
defendant refused to accept.   The defendant then deposited a deed of
the property in escrow with the bank officers, to be delivered to Cox upon
his payment of the balance due at any time prior to the 5th of Septem-
ber.   On that day Cox called at the bank, deposited the amount due to
the credit of the defendant, and demanded the deed.   His demand was
refused upon the ground that the time for payment had expired.   The
defendant thereupon caused the amount to be transferred in the bank to
the credit of Cox, but did not return or offer to return the amount of the
part payment.   A few days afterward he conveyed the property to his
father, and the latter conveyed to Cox, receiving in payment the balance
due on the original contract.   Held, that the plaintiffs were entitled to
their commissions.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Mills & Jones*, for Appellant.

*Eli R. Chase*, and *W. S. Tinning*, for Respondents.

SEARLS, C.—This is an action to recover the sum of $846, as commissions, alleged to be due plaintiffs, co-partners, as real estate brokers, upon the sale of defendant's ranch situate in Contra Costa County. Plaintiffs had judgment as prayed for in their complaint. From the judgment, and from an order denying a new trial, the defendant appeals.

On the tenth day of May, 1883, defendant entered into a written contract with the plaintiffs, by the terms of which he authorized the latter to "sell and take deposits" upon his ranch situate in Contra Costa County, consisting of 268 acres, for the sum of $40 per acre, terms cash (or $11,440). The authorization to be in full force until September 1, 1883.

In case plaintiffs were instrumental in effecting a sale of the property, or finding a customer for the same, defendant agreed to pay two and a half per cent commission, and all over they might realize.

On or about May 21, 1883, plaintiffs found a purchaser for the property in one P. F. Cox, to whom they agreed to sell for twelve thousand dollars, payment to be made and deed delivered on or before September 1, 1883. Cox paid plaintiffs ten per cent of the purchase price (twelve hundred dollars), which they paid over to defendant.

There was an understanding between the parties that the payment should be made and the deed delivered on the first day of September at the Bank of Martinez. On

the last-mentioned day the parties met at the bank, and Cox offered checks in payment of the sum due, which defendant declined to receive. Defendant then deposited a deed of the property in escrow with the officers of the bank, to be delivered to Cox upon payment of the money due (ten thousand eight hundred dollars) at any time prior to September 5, 1883.

On the fifth day of September, Cox called at the bank, deposited the ten thousand eight hundred dollars to the credit of defendant, and demanded the deed, which was refused upon the ground that the time for payment had expired. Defendant caused the sum of ten thousand eight hundred dollars to be transferred in the bank to the credit of Cox, but did not return or offer to return the twelve hundred dollars paid to him. A few days later, and before the tenth day of September, defendant conveyed the property to his father, Josiah Sturgis, and the latter conveyed to Cox, receiving payment of the residue of ten thousand eight hundred dollars, due on the original contract.

There was testimony tending to show that defendant professed to have been misled by the clause of his contract with plaintiffs, under which they claimed as compensation, in addition to the two and a half per cent, the amount for which the land sold over $11,440, viz., $560, and as defendant declared "he did not calculate to pay any commissions to plaintiffs," we may properly conclude the plan adopted by him in conveying the property to Cox, through his father, was an instrumentality to that end. The testimony of Cox is as follows:—

"The deed I have of the ranch is from Josiah Sturgis, father of defendant; he gave it to me himself; nothing in particular said by him; at the time I came down he handed me the deed and said he had the place. I paid him twelve thousand dollars less the twelve hundred dollars I had paid defendant, and received the deed. . . . . I have stated all the bargain with Josiah Sturgis; I had

no understanding with him about it except that I was paying the balance of my money and getting a good title for the place. I don't recollect that defendant said anything about why he had conveyed to his father, except saying *that he did not calculate to pay any commissions to plaintiffs."*

1. Defendant, in order to the exercise of his right to rescind the contract for non-payment of the purchase-money on the fourth day of September, should have returned or offered to return the twelve hundred dollars which he had received on account of such contract. (Civ. Code, sec. 1691; *Bohall* v. *Diller*, 41 Cal. 535; *Henderson* v. *Hicks*, 58 Cal. 364; *Miller* v. *Steen*, 30 Cal. 402; *Morrison* v. *Lods*, 39 Cal. 381.)

2. "A real estate broker is not entitled to commissions for making a sale of real estate for his principal, unless he strictly performs the services required of him according to the authority conferred upon him." (*Neilson* v. *Lee*, 60 Cal. 565.)

In the case at bar, the plaintiffs, as brokers, produced a purchaser to whom the defendant in fact sold, although not in the precise manner and not upon the precise day agreed upon. The defendant, having thus had the benefit of the services of the plaintiffs pursuant to their agreement therefor, cannot evade his liability under the agreement. (*Phelan* v. *Gardner*, 43 Cal. 306; *Blood* v. *Shannon*, 29 Cal. 393.)

The case of *Fultz* v. *Wimer*, 9 Pac. Rep. 316, relied upon by counsel for appellant, differs materially in its facts from this case. There the purchaser produced by the broker did not purchase within the time limited in the agreement between the latter and the owner. He did subsequently purchase the property; not for cash, but payable in installments at considerable intervals. The court held that the owner not having caused the delay in the sale, and not having been guilty of any negligence, fraud, or fault, no recovery could be had against him.

3. We think there was sufficient evidence to fully warrant the findings of the court below, and that the interpretation placed upon the contract, under which plaintiffs recovered the sum for which the property sold in excess of $11,440, was the only one by which force and effect could be given to all the provisions contained in such contract.

Upon the whole record as presented, we are of opinion the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.