<hr />

[No. 15820.   Department Two.—December 6, 1895.]

## JUAN B. CASTRO, APPELLANT, v. JOSEFA S. GEIL ET AL., RESPONDENTS.

QUIETING TITLE—CROSS-COMPLAINT—FRAUDULENT DEED—UNDUE INFLUENCE—UNSOUND MIND—PLEADING—STATUTE OF LIMITATIONS—DISCOVERY.—In an action to quiet title against the heirs of plaintiff's grantor, a cross-complaint alleging that the deed under which the plaintiff claims was obtained by undue influence at a time more than ten years prior to the filing of the cross-complaint, when the grantor was, from disease, old age, ignorance, weakness of mind and body, and from such undue influence, mentally incompetent to manage her property, or to transact any business, and that she was then and for a long time prior thereto had been of unsound mind, and seeking to cancel the deed, but which does not allege any date at which the fraud and undue influence was discovered, is subject to a demurrer upon the ground that the cause of action therein stated is barred by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure.

ID.—ALLEGATION OF DISCOVERY NECESSARY.—In an action to set aside a deed on the ground of fraud, when the acts constituting the fraud occurred more than three years before the commencement of the action, the plaintiff must allege the discovery thereof within three years, in order to avoid the bar of the statute.

ID.—DEED—UNSOUND MIND OF GRANTOR—VESTING OF TITLE—VOIDABILITY—PLEADING—LIMITATION OF ACTION.—A deed of a person of unsound mind, who is not under guardianship, vests a title, and is merely voidable, and not void; and the title cannot be divested otherwise than by judicial action, or the voluntary conveyance of the grantee; and in an action to avoid it, the complaint must show upon its face that the action is not barred by the statute of limitations.

ID.—EQUITY CASES—STATUTE OF LIMITATIONS—LACHES.—The statute of limitations relating to a cause of action for relief upon the ground of fraud applies to equity cases; and where the statute is applicable the doctrine of laches, as applied in equity, need not be considered.

ID. — RUNNING OF STATUTE — MINOR HEIRS — SUBSEQUENT DISABILITY.—
Where the parents, through whom minor heirs claim, were in life when
the statute of limitations began to run against a cause of action to set
aside a conveyance for fraud and undue influence, the subsequent dis-
ability of the minor children who were not heirs of the grantor when
the deed was made does not stop the running of the statute, which
commenced to run against their parents.

APPEAL from a judgment of the Superior Court of
Monterey County and from an order denying a new
trial.   N. A. DORN, Judge.

The facts are stated in the opinion.

*A. Craig, W. H. Webb,* and *J. A. Johnson,* for Appellant.

The demurrer to the cross-complaint should have
been sustained, as the cross-complaint shows that the
fraud was perpetrated about ten years before the cross-
complaint was filed, and it does not contain an allega-
tion that the fraud was discovered within three years
before it was filed.   (Code Civ. Proc., sec. 338; *People* v.
*Blankenship,* 52 Cal. 619; *Sublette* v. *Tinney,* 9 Cal. 423;
*Duff* v. *Duff,* 71 Cal. 529; *Watkins* v. *Bryant,* 91 Cal. 503;
*People* v. *Noyo Lumber Co.,* 99 Cal. 461; *Cameron* v. *San
Francisco,* 68 Cal. 391; *Humphreys* v. *Mattoon,* 43 Iowa,
556; *Bishop* v. *Knowles,* 53 Iowa, 268; *Gebhard* v. *Sattler,*
40 Iowa, 152; *Laird* v. *Kilbourne,* 70 Iowa, 83.)   The
statute once set in motion continues to run, notwith-
standing subsequent disabilities.   (*Thompson* v. *Smith,*
7 Serg. & R. 209; 10 Am. Dec. 453, and note; *Dorland*
v. *Hanson,* 81 Cal. 202; 15 Am. St. Rep. 44; *Tynan* v.
*Walker,* 35 Cal. 634; 95 Am. Dec. 152; *Piper* v. *Hoard,*
107 N. Y. 67; 1 Am. St. Rep. 789.)

*S. F. Geil,* and *John J. Wyatt,* for Respondents.

A general demurrer addressed to the whole of a com-
plaint should be overruled if some portion of the com-
plaint states a cause of action.   (*Fleming* v. *Albeck,* 67
Cal. 226; *Hulsman* v. *Todd,* 96 Cal. 228, and cases cited.)

HAYNES, C.—This action was brought by the plaintiff
to quiet his title to a lot in the town of Monterey.

On December 14, 1882, Maria Antonia Pico de Castro, the mother of plaintiff, executed a deed purporting to convey said property to the plaintiff in fee simple. The deed was duly acknowledged, and two days thereafter was recorded. Said Maria Antonia Pico de Castro died December 12, 1883, intestate. The defendants, claiming as heirs at law of said intestate, answered the complaint, and, at the same time, filed a cross-complaint alleging "that at the time said Maria Antonia Pico de Castro signed said deed she was, from disease, old age, ignorance, weakness of mind and body, and from the undue influence and control exercised over her by said Juan B. Castro, mentally incompetent to manage her property, or of transacting any business whatever, and was then and there incapable to comprehend or understand, and in fact did not comprehend or understand, the character, nature, or effect of said transaction," and that she was then, and for a long time prior thereto had been, of unsound mind. Defendants further alleged that said Maria Antonia Pico de Castro died intestate on December 12, 1883, leaving surviving her, as next of kin and her only heirs entitled to inherit the premises described in the complaint, the plaintiff and the defendants; that as between the parties to the action the plaintiff was entitled to an undivided thirty-sixtieths thereof, and the several defendants, in different proportions therein stated, the remainder thereof; and prayed that said deed be set aside and canceled, and that the parties to this action be declared to be the owners in fee of said premises in the proportions above set forth, and that the plaintiff be required to convey to the defendants their said interest.

The plaintiff demurred to said cross-complaint upon the grounds: 1. That said cross-complaint does not state facts sufficient to constitute a cause of action; and 2. That the cause of action therein stated is barred by the provision of subdivision 4 of section 338 of the Code of Civil Procedure. This demurrer was overruled, and plaintiff answered the cross-complaint, putting in issue

all the material allegations thereof. The cause was tried upon the cross-complaint and the answer thereto, and findings and judgment were in favor of defendants, and this appeal is by the plaintiff from said judgment and an order denying his motion for a new trial. The de-murrer should have been sustained.

Section 338 of the Code of Civil Procedure limits the time within which the actions there enumerated shall be commenced to three years. Subdivision 4 of said section is as follows: "4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts consti-tuting the fraud or mistake."

In *People* v. *Blankenship*, 52 Cal. 619, it was held that: "When the acts constituting the fraud occurred more than three years before the commencement of the action, the plaintiff must allege the discovery thereof within three years in order to avoid the bar of the statute." That was an action to set aside a deed on the ground of fraud, and it was held the demurrer should have been sustained. (See, also, *People* v. *Noyo Lumber Co.*, 99 Cal. 459, 460; *Boyd* v. *Blankman*, 29 Cal. 19; 87 Am. Dec. 146.)

The cross-complaint alleges that the deed from Maria Antonia Pico de Castro to appellant was made on De-cember 14, 1882, and that she died December 12, 1883. This cross-complaint was filed April 5, 1893, or more than ten years after the execution of the deed, and it contains no averment as to the date at which the alleged fraud and undue influence of appellant was discovered. It is contended by respondents, however, that it is al-leged that at the time said deed was executed, and for a long time prior thereto, said grantor had been of unsound mind, and that therefore the deed was void "without regard to any fraud or undue influence"—meaning thereby that the deed was wholly inoperative, and did not convey to or vest in appellant any title or seisin.

"The deed of a person *non compos mentis*, who is not

under guardianship, transfers a seisin and is merely voidable." (Devlin on Deeds, sec. 73, and cases cited in note 4.) To the same effect are the provisions of our Civil Code, section 38: "A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary for his support or the support of his family."

"Sec. 39. A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission, as provided in the chapter on rescission of this code"; and section 40 provides: "After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor delegate any power, or waive any right, until his restoration to capacity." In *More* v. *Calkins*, 85 Cal. 177, 190, it was said: " I think the demurrer to the second cause of action attempted to be stated in the complaint, based upon sections 38 and 39 of the Civil Code, was properly sustained. That A. S. More was ' entirely without understanding ' is not directly or indirectly, definitely or indefinitely, stated in the complaint, and therefore the instrument executed by him was not void."

This language applies with equal force and propriety to the case before us. It is, therefore, conclusively settled that the deed in question vested the title in appellant, and that it could not be divested otherwise than by judicial action, or the voluntary conveyance of the grantee; and if by judicial action, that the complaint must allege facts which show upon the face of it that the action is not barred by the statute of limitations.

The doctrine of laches, as applied in equity, need not be considered, as the statute of limitations here invoked applies to equity cases. (*Boyd* v. *Blankman, supra; Broderick Will case*, 21 Wall. 503, 520.)

Respondents also contend that some of them are minors, and that they are not affected by the statute of

limitations.   But the cross-complaint shows that these minors were not heirs of appellant's grantor when the deed was made, their parents, through whom they claim, being then, and for years afterward, in life; and subsequent disabilities do not stop the running of the statute.   (*Alvarado* v. *Nordholt*, 95 Cal. 116; *McLeran* v. *Benton*, 73 Cal. 329; 2 Am. St. Rep. 814.)

It follows that the judgment and order appealed from should be reversed, with directions to sustain said demurrer, and with leave to all parties to amend their pleadings if they shall be so advised.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, with directions to the court to sustain said demurrer, with leave to all parties to amend their pleadings as they may be advised.

McFARLAND, J., TEMPLE, J., HENSHAW, J.