[S. F. No. 293.   Department Two.—April 23, 1897.]

ALEXANDER HERMAN, APPELLANT, v. ABRAHAM
E. HECHT ET AL., RESPONDENTS.

CORPORATIONS—PROMISSORY NOTE—STOCKHOLDER'S LIABILITY—TRANSFER
OF OBLIGATIONS BETWEEN PARTNERSHIP AND CORPORATION—LOAN TO
CORPORATION — NEW NOTE.—Where upon the sale of the property
of a corporation to a partnership, the partnership assumed the pay-
ment of a note of the corporation to a bank, and, at maturity of the
note, substituted the partnership note to the bank for the amount of the
debt; and afterward, upon a repurchase by the corporation from the
partnership, the corporation assumed the payment of the partnership
note, and its directors authorized the borrowing of money from the
bank, under which authority the note of the corporation was given to
the bank for the amount of the partnership note, in payment thereof;
such new note of the corporation was in effect the loan of money from
the bank to the corporation, with which to pay the note of the partner-
ship, and constitutes an original indebtedness upon which those who were
stockholders at its date are liable for their proportion.

ID.—MAXIMS—SUBSTANCE OF TRANSACTION—VAIN THINGS NOT REQUIRED —TRANSFER OF MONEY NOT ESSENTIAL.—The law looks at the substance of a transaction, and does not require vain things; and it is not essential to a loan of money from a bank to enable the borrower to pay the note of another to the bank, that the money shall be actually transferred to the borrower by the bank, and then repaid to the bank upon such other note, but it is sufficient that the note paid be surrendered by the bank to the borrower, and that the note of the borrower to the bank be substituted in its stead.

ID.—IMMATERIAL VARIANCE—FACTS ALLEGED IN ANSWER.—Viewing the transaction not as a loan from the bank, but as the substitution of the note of the corporation for the surrendered note of the partnership, the variance from a complaint alleging that the note was given for money borrowed, is immaterial, where the facts of the transaction are set forth in the answer, showing that the note was given for an original indebtedness of the corporation, for which the stockholders sued are liable, it appearing that the defendant could not have been misled to his prejudice by the variance.

ID.—PAYMENT OF NOTE BY INDORSING STOCKHOLDERS—ASSIGNMENT—REAL PARTY IN INTEREST—DEFENSE—EVIDENCE. — Where the note of the corporation was paid by indorsing stockholders, and delivered to them by the bank, an assignment to a third party expressing a consideration vests title in him to the debt of the corporation, and he may sue other stockholders thereupon for their proportionate share of the liability; and it is no defense to such action that the indorsing stockholders would profit by a recovery and were the real parties in interest, where no defense could have been made to the note if it had been sued by them; and the fact that they were stockholders is no defense to the action, nor is evidence thereof admissible.

ID.—PENDING ACTION AGAINST CORPORATION—ATTACHMENT—PLEADING — EVIDENCE.—The pendency of an attachment suit against the corporation upon the same note upon which stockholders are sued, does not constitute a defense to the action against them; and it if were a defense, in the absence of a pleading of it no evidence thereof is admissible.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion.

*William B. Sharp*, for Appellant.

*Wilson & Wilson*, for Respondents.

HAYNES, C.—This action is brought by plaintiff against Abraham E. Hecht and fourteen other defendants to recover from them, as stockholders in the Pacific Jute Manufacturing Company, a California corporation.

their proportion of a promissory note made by said corporation to the Farmers and Merchants' Bank of Los Angeles, dated April 20, 1881, for the sum of forty thousand dollars, payable fifteen days after demand, with interest at a specified rate.   Said note was indorsed by William Scholle, J. Brandenstein, and I. Cahn.

The defendant's answer, in addition to denials which put in issue the averments of the complaint, alleged in substance that in 1879 the said corporation borrowed from said Farmers and Merchants' Bank of Los Angeles the sum of forty thousand dollars, and gave its note for said sum.   That upon the maturity of that note a new note was given by said corporation for the same sum. That on or about March 10, 1880, said corporation sold and conveyed all its property and assets to the Oakland Bag Company, a copartnership composed of William Scholle, Israel Cahn, and Joseph Brandenstein; that said copartnership assumed all the liabilities of the corporation existing at the date of sale, and shortly thereafter said copartnership gave its own note to said bank and took up the note made by the said corporation. That on or about March 25, 1881, said corporation, the Pacific Jute Manufacturing Company, purchased from said copartnership all the real and personal property, effects, and assets then owned, used, and employed by them under said copartnership name, and immediately thereafter said corporation commenced and carried on the business for which it was incorporated.   That on April 20, 1881, said corporation executed to said bank the note here in suit, and took up the note made by said copartnership to said bank, and that said note was so executed and delivered by said corporation in substitution of the said note of equal amount then held by said bank, and without any consideration being then or at all paid to said corporation.

And as a further defense it was alleged that the plaintiff was not the real party in interest, but that said note sued on by him was at the time of the commencement

of the action held and owned by said Brandenstein, Scholle, and Cahn, the said indorsers thereof.

The action was tried by the court, and the following findings of fact were made: "1. The plaintiff, Alexander Herman, is not the real party in interest in this action; 2. The Pacific Jute Manufacturing Company did not on the twentieth day of April, 1881, or at any time, for the uses and purposes of its business, or otherwise, borrow from the Farmers and Merchants' Bank of the city of Los Angeles the sum of forty thousand dollars, or any part thereof, or any sum of money." Upon these findings judgment was entered for the defendants. The plaintiffs moved for a new trial, and this appeal is from an order denying said motion.

Appellant specifies in proper and sufficient form that said findings are not justified by the evidence, and also that the court erred in certain rulings upon the admission of evidence.

The exception to the second finding will be first considered. The complaint set out a copy of a promissory note dated April 20, 1881, made by the Pacific Jute Manufacturing Company to the Farmers and Merchants' Bank of Los Angeles, for the sum of forty thousand dollars payable at fifteen days after demand. and alleged that said corporation in its corporate name, and for the uses and purposes of its business, on said date " borrowed the sum of forty thousand dollars" from said bank, "upon the terms and conditions and according to the tenor and effect " of said note. These allegations show that the inception of the debt, obligation, or liability, and the execution of the note, were coincident; and, therefore, so far as the question of pleading is concerned, respondents' contention that the action must be upon the "original indebtedness" is without merit (*Knowles* v. *Sandercock*, 107 Cal. 629); and as to the evidence it was shown that on April 20, 1881—the day upon which the note was executed—the board of directors of said corporation by resolution authorized the president and secretary to borrow money in such sum as might be

necessary, not exceeding five hundred thousand dollars, and to execute the note or notes of the corporation therefor, and that the note set out in the complaint was executed in pursuance of said resolution.

At the time of the sale by the corporation to the co-partnership—the name and style of which was the Oakland Bag Manufacturing Company—said copartnership assumed all the debts and liabilities of the corporation, and when the copartnership afterward sold to the corporation all its property and assets, the corporation assumed all the debts and liabilities of the copartnership.    At the time last mentioned the Farmers and Merchants' Bank held the note of the Oakland Bag Company indorsed by Brandenstein, Scholle, and Cahn, for forty thousand dollars, dated January 31, 1881, at fifteen days, and at the time the note of the corporation set out in the complaint was executed the note of the Bag Company was taken up; or, as claimed by appellant, no money passed from the bank to the corporation, but the note of the corporation indorsed by Brandenstein, Scholle, and Cahn was substituted for it.

It is not questioned that this transaction was the origin of the liability of the corporation to the bank, which is here in question, nor that the note of the bag company was thereby paid, and the liability of the co-partnership extinguished.    The former liability of the corporation to the bank which existed at the time of the sale to the Oakland Bag Company was paid by the bag company, whether in money or by its note is immaterial; so that from that time until the transaction of April 20, 1881, the corporation was not indebted to the bank.

So far as the actual liability of the corporation and its stockholders to the bank is concerned, it is immaterial whether the bank actually paid to the corporation forty thousand dollars and took its note for that sum, or surrendered the note of the bag company for the same sum; for in either case there was a valuable consideration for the note.    The question, therefore, is whether these facts, about which there is no conflict in the evi-

dence, justify the finding that the corporation did not "borrow" from the bank forty thousand dollars, or any sum of money.

There is no question that the note was executed by the corporation, nor is it questioned that the bank parted with value to the amount stated in the note.

The transaction was in effect a loan of that sum to the corporation. If the cashier had counted out the money to the agent of the corporation, and he had taken it to the collection clerk, and there paid the same money and taken up the note of the bag company, there could be no question that it was a "borrowing" by the corporation. The law looks at the substance of the transaction in determining its character, and does not require the doing of vain things. In *Hamilton* v. *Starkweather*, 28 Conn. 138, it was held that money paid to B at the request of A and upon A's promise to pay it, is money *lent* to A, and can be recovered under a count in general assumpsit for money lent. The court said: "The plaintiff having paid the money as requested, we think it was in substance a loan. And whether it might also have been treated as money paid is of no importance. There is no principle that requires a manual transfer of money into the borrower's hands in order to constitute a loan. The question is not so much what was the form of the transaction as what was the substance of it. . . . . . The transaction has every characteristic of a loan, except that it was not paid over into defendant's hands. And this, in *Wade* v. *Wilson*, 1 East. 195, was held to be unnecessary."

But whether this be so or not, the finding should have been in favor of the plaintiff upon the issue of the defendants' liability for their proportion of the money represented by the note of the corporation; for if it could not be considered as a loan of money by the bank, the facts show a liability of the corporation for the amount named in the note, and for which a stockholder's liability exists; and, in that case, it is a mere question of variance between the allegation of the complaint

and the proof; and "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Wherever it appears that a party has been so misled the court may order the pleading to be amended upon such terms as may be just." (Code Civ. Proc., sec. 469.)

It cannot be said that the defendants were misled to their prejudice, since the fact that the money was not actually paid into the hands of the corporation, but was applied to the satisfaction of the bag company's note, or was given in lieu of it, or in substitution for it, was distinctly alleged in the answer; and if no other issue had been raised, or defense pleaded by the defendants, the plaintiff would have been entitled to judgment on the pleadings. As it was, the court should have found according to the evidence under section 470 of the Code of Civil Procedure, and, if no other defense was established, should have entered judgment thereon for the plaintiff.

The court found, however, that the plaintiff is not the real party in interest.

This finding cannot be sustained. Said note was indorsed by Brandenstein, Scholle and Cahn. It was not paid at maturity, and was duly protested for nonpayment, and the liability of the indorsers became fixed on April 19, 1883, and on May 31, 1883, they paid said note, and it was thereupon delivered to them, and afterward they assigned and transferred it to the plaintiff by the following instrument:

"In consideration of five dollars to us paid by A. Herman, the receipt whereof is hereby acknowledged, we hereby sell, assign and transfer to said A. Herman a certain promissory note dated twentieth day of April, 1881, made by the Pacific Jute Manufacturing Company, payable fifteen days after demand, for $40,000, and interest at the rate of four per cent per year, indorsed and taken up by us. And we authorize him to collect the

same against the maker of said note (but not against us, indorsers thereof) for his sole use and benefit. Witness our hands this fifth day of June, 1883."

The indorsers who signed the above instrument were examined touching said transfer, and were asked whether Herman paid any consideration for the note, and whether they were to participate in the fruits of the litigation if the plaintiff should recover. The replies were to the effect that they thought five dollars was paid, but did not distinctly remember it; and to the second question the reply was that they had no legal or absolute right to get anything, but would be disappointed if they did not; or that they hoped to get something out of it, but that there was no understanding that they were to get anything. It was also admitted that these endorsers, Brandenstein, Scholle and Cahn, were each stockholders in said corporation.

It is contended by appellant that said finding is but a conclusion of law. Whether this be so or not, we need not inquire; for if it be conceded that it is a finding of fact it is not sustained by the evidence. The assignment vested the legal title to the note in the plaintiff, and, if the action had been against the corporation upon the same note, it is clear that this defense would not have availed it to defeat the action. (See *Giselman* v. *Starr*, 106 Cal. 651, 657.) That the assignment transferred to the plaintiff the *indebtedness* of the *corporation* is beyond question; and the liability of the stockholder must accrue to the creditor of the corporation, and cannot exist as to anyone who is not such creditor.

It is true that plaintiff's assignors are stockholders, but that does not affect the liability of the defendants, nor does the fact that they did not sue as plaintiffs affect any right of the defendants. Each defendant could be held liable only for his proportion of the debt of the corporation, and such liability being several, one or more or all the stockholders may be joined as defendants, or a stockholder who is also a creditor, may sue other stockholders. (*Knowles* v. *Sandercock, supra,* where

it is also held that the assignment of the note carried with it the original debt.)

It is immaterial whether plaintiff's assignors received the money consideration mentioned in the assignment, or whether they hope to obtain a benefit from a recovery by the plaintiff. The writing imports a consideration sufficient to sustain the assignment, and as the defendants do not show that they have some equity or defense against plaintiff's assignors which they do not have against the plaintiff, or show that a judgment against them in favor of the plaintiff would not protect them, they are not concerned with what the plaintiff may do with the fruits of such judgment. (*Giselman* v. *Starr, supra.*)

3. The court erred in admitting evidence that plaintiff's assignors were stockholders in the Pacific Jute Manufacturing Company. The fact that they were stockholders would have been no defense to the action if they had been the plaintiffs (*Knowles* v. *Sandercock, supra*), and therefore could not be a defense to an action by their assignee.

4. The court also erred in admitting evidence that the plaintiff had sued the corporation and caused a writ of attachment to issue, and that said action was still pending. That fact constituted no defense to plaintiff's action; but, if it did, it was a defense which was not pleaded, and therefore not available to the defendants.

The order denying a new trial should be reversed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and a new trial granted.
MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.