[S. F. No. 1560.  Department One.—October 6, 1900.]

R. D. DUKE, Respondent, v. W. V. HUNTINGTON et al., Appellants.

CORPORATION—ACTION AGAINST STOCKHOLDER—PLEADING—CREATION OF INDEBTEDNESS OF CORPORATION—BALANCE DUE—AMBIGUITY—WAIVER. An averment in a complaint against a stockholder for his proportionate share of the indebtedness of a corporation that the corporation became indebted in a certain amount on a specified day, being a balance due for certain work, is a sufficient averment of the creation of the indebtedness on the day specified as against a general demurrer; and the statement as to its being a balance due creates only an uncertainty or ambigu-

ity as to the mode in which the indebtedness was incurred, which is waived by failure to demur on that ground.

ID.—AVERMENT OF COMMON OWNERSHIP OF STOCK—EVIDENCE AND FINDING OF EXCLUSIVE OWNERSHIP.—An averment that a certain amount of stock was held in common by the defendant and others when the indebtedness was incurred, warrants the admission of evidence, and a finding based thereon, that that amount of stock was then entirely owned by the defendant.

ID.—IMMATERIAL VARIANCE—AMENDMENT OF COMPLAINT NOT REQUIRED.— The variance, in such case, between the pleading and the proof, not being such as to mislead the defendant in maintaining his defense, was immaterial, and the court was authorized to find the fact according to the evidence, without an amendment of the complaint.

ID.—OWNERSHIP OF STOCK IN NAME OF ANOTHER.—Under section 322 of the Civil Code, a stockholder is liable for his proportionate amount of the indebtedness of the corporation, not only for the stock standing in his name on the books, but also for all of the stock owned by him which stands on the books in the name of another person.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

C. P. Robinson, N. J. Manson, and H. H. Hotaling, for Appellants.

John E. Richards, for Respondent.

HARRISON, J.—Judgment was rendered in favor of the plaintiff and against the appellant for his proportionate share as a stockholder of the indebtedness of a corporation, and he has appealed therefrom. The court found, in accordance with certain allegations in the complaint, that on the first day of July, 1897, the corporation became indebted to the plaintiff's assignor in a certain sum of money, being a balance due for certain work done by said assignor at the special instance of the corporation, and for which the corporation agreed to pay that sum on demand; that the capital stock of the corporation is ten thousand shares, and that of said stock four thousand five hundred and eighty-six shares had ever since the sixth day of February, 1895, stood on the books of the corporation in the names of certain persons as trustees (giving their names), but that

during all that time the appellant has been the owner "of all of the said four thousand five hundred and eighty-six shares, and was the owner thereof during all of the time of the aforesaid indebtedness of the corporation to the plaintiff's assignor." Upon these findings judgment was rendered against the appellant for four thousand five hundred and eighty-six ten-thousandth parts of the corporation's indebtedness to the plaintiff.

The averment in the complaint that the corporation became indebted in a certain amount on the first day of July, 1897, was a sufficient allegation of the creation of the indebtedness upon that day, as against a general demurrer: The subsequent statement therein, "being a balance due for certain work," only created an uncertainty or ambiguity as to the character of the mode in which the indebtedness was incurred, but this was waived by a failure to demur upon that ground. (See *Whitehurst v. Stuart*, 129 Cal. 194.) The finding as to the amount of stock held by the appellant at the time the indebtedness was incurred is fully sustained by the evidence. The allegation in the complaint that this amount of stock was held in common by him and others authorized the admission of evidence and a finding thereon that it was owned entirely by him. The fact alleged, and to be shown by evidence, was the relation of the defendant to the corporation as a stockholder, and the amount of stock held by him at the time the indebtedness was incurred. It is not claimed that the variance between the allegation and the proof was such as to mislead the defendant in maintaining his defense, and under section 470 of the Code of Civil Procedure, the court was authorized to find the fact according to the evidence, without any amendment of the complaint.

Section 322 of the Civil Code makes the appellant liable for his proportionate amount of the indebtedness of the corporation, not only for the stock standing in his name upon its books, but also for all the stock of which he is the owner standing upon the books in the name of another.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.