· [L. A. No. 1028.   Department One.—June 9, 1902.]

## N. J. ABBOTT, Appellant, v. NELLIE HOLLISTER JACK, et al., Respondents.

BANKS—AUTHORITY OF CASHIER—PROOF.—It seems that a certificate of deposit, signed by the cashier of a commercial bank, must, in the absence of proof to the contrary, be taken to be the act of the bank; but his authority may certainly be proved by the custom of the bank or of its cashier and by his semi-annual statements, as well as by the by-laws of the bank expressly conferring on him the authority to issue such certificates.

ID.—POWER OF COMMERCIAL BANKS.—Certificates of deposit are usual with commercial banks, and they have full power to issue them in the absence of a statutory prohibition; nor are their powers curtailed by the express statutory provision vesting similar powers in savings banks.

ID.—ACTION AGAINST STOCKHOLDERS—FINDING AGAINST EVIDENCE—SPECIFICATION IN STATEMENT.—In an action against the stockholders of a commercial bank to enforce their statutory liability upon a certificate of deposit issued by the bank, a specification in the statement on motion for new trial assailing a finding, that one of the defendants was never at any time a stockholder of the bank, as contrary to the evidence, is sufficient, without specifying any particulars in which the evidence was insufficient to justify it; and where such finding is against the evidence, an order denying a new trial must be reversed.

ID.—CERTIFICATE OF STOCK TO WIFE—ACCEPTANCE—ASSIGNMENT TO HUSBAND—APPEARANCE ON STOCK-BOOK.—Where the stock-book of a corporation shows that a certificate of stock was issued in the name of a wife sued as defendant on her statutory liability, and stood for three years on the books of the company in her name, and her acceptance of the certificate was shown by her written assignment

of it to her husband two days after its issuance, the fact that she continued to appear as stockholder on the books of the company, in the absence of any facts found to exonerate her, is sufficient to render her liable as a stockholder, along with her husband.

APPEAL from two several judgments of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

S. V. Wright, for Appellant.

W. H. Spencer, and Lester H. Jacobs, for Respondents.

SMITH, C.—The plaintiff is the holder of several certificates of deposit of date January 19, 1898, purporting to have been issued to her by the County Bank of San Luis Obispo, payable in six months, with interest at five per cent per annum, and signed "R. E. Jack, Cashier," and of other similar certificates, purporting to have been issued by the bank to her assignors, dated in the years 1897 and 1898, signed by the cashier or assistant cashier; and she brings this suit against the defendants as stockholders of the bank, to recover their proportionate parts of the indebtedness alleged to be due to her. The findings of the court were adverse to the plaintiff, except as to the sum of $7.03 found to be due to her from the defendant the Goldtree Bros. Co.; and judgment was entered accordingly for the defendant Mrs. Jack, and against the other defendant for the amount named. The plaintiff appeals from the judgments and from an order denying a motion for new trial.

On the trial,—the genuineness of the signature of R. E. Jack, and his official character as cashier of the bank having been proven,—the certificates of deposit issued to the plaintiff were provisionally admitted in evidence, subject to be stricken out upon the failure of the plaintiff to connect them with the bank, and all evidence upon the point offered by the plaintiff having been excluded, they were subsequently stricken out. In this we are inclined to think the court erred. The authority of the cashier of a bank to receive money and to issue receipts or certificates of deposit therefor seems to be implied by the very name of his office (Bouvier's Diction-

ary, Century Dictionary, word "Cashier"); and hence it
would seem that such a receipt or certificate signed by him
must, in the absence of proof to the contrary, be taken to be
the act of the bank. But however this may be, certainly his
authority might have been proved by any of the several kinds
of evidence offered by the plaintiff for that purpose,—that
is to say, by the semi-annual statements of the cashier, or
by the custom of the bank, or of the cashier (*Phillips* v. *San-
ger*, 130 Cal. 434; *Carpy* v. *Dowdell*, 115 Cal. 683); and we
are of the opinion also that the power was expressly conferred
by section 12 of the by-laws of the bank, which reads as fol-
lows, and taken in connection with the nature of the office
of the cashier, clearly confers upon him the authority to
issue such certificates:—

"The secretary . . . shall as cashier have charge of the
funds and property, books, papers, and other matters of the
bank, and shall have power to sign equally with the president
all drafts and papers connected with the banking business.
The president and cashier shall further perform the duties
necessary to be done for the legitimate transaction of busi-
ness under such rules, regulations, and restrictions as the
board of directors may by resolution prescribe."

Similar rulings were made as to the other certificates of
deposit offered, and the same observations will apply.

There is nothing in the objection made by the respondent
that the bank itself had no authority to enter into such a
transaction. "Such certificates are usual with commercial
banks," which have full power to contract in this and in all
other respects not prohibited; nor are their powers curtailed
by the statutory provision expressly vesting similar powers
in savings banks. (Civ. Code, sec. 576; *Murphy* v. *Pacific
Bank*, 119 Cal. 341; Magee on State Banks and Bank Officers,
p. 36, cited by appellant's counsel.)

Nor is there anything in the objection made by the respond-
ent the Goldtree Bros. Co., that the statement and their
amendments were not presented to the judge for settlement
within ten days after service of the amendments on plain-
tiff's attorneys and upon five days' notice. (Code Civ. Proc.,
sec. 659, subd. 3.) It does not appear when the amendments
were served on the plaintiff's attorney, if ever.

In the case of the defendant Mrs. Jack, the judgment rests

upon the single finding, "That the defendant Nellie Hollister Jack never was at any time or at all subscriber for, nor appeared on the books of the County Bank of San Luis Obispo as the owner of, nor did she at any time own 330 shares, or any shares, of the capital stock of said County Bank of San Luis Obispo. That said Nellie Hollister Jack was never at any time a stockholder of the County Bank of San Luis Obispo."

This is attacked by the appellant as being contrary to the evidence, and it is claimed by the respondent that the specification of the particulars in which the evidence is insufficient to justify it are defective. But we do not think so. The effect of the finding, though varying in expression, is simply that the defendant was not a stockholder; and where a single fact is thus found it is sufficient to say in the specification that the finding is not justified by the evidence, or is contrary to the evidence. (1 Hayne on New Trial and Appeal, sec. 150, and cases cited; *Baird* v. *Peall,* 92 Cal. 235, citing *De Molera* v. *Martin,* 120 Cal. 548.) "The object of the specifications required by the statute is clearly to direct the attention of the court and adverse party to the particular point on which the evidence is claimed to be insufficient, and when this object is accomplished, it will be held sufficient." *(In re Yoakam,* 103 Cal. 505.)

We are also of the opinion that the finding is contrary to the evidence. From the stock-book of the corporation it appears that certificate No. 89, for 330 shares of stock to Mrs. Jack as owner, was issued March 14, 1896, and that the same stood in her name on the books of the company until July 17, 1899, when it was surrendered and canceled; and her acceptance of the certificate is shown by her written assignment of it to R. E. Jack, her husband, of date March 16, 1896. From this it appears that she became a stockholder of the corporation on or before March 16, 1896, and that she continued to appear as such on the books of the company until the cancellation of the certificate, July 17, 1899. She therefore continued to be a stockholder as the term is defined in section 322 of the Civil Code, and under the provisions of that section (no facts being found to exonerate her) she continued to be liable, along with her husband. (Civ. Code, secs. 322, 324; *Duke* v. *Huntington,* 130 Cal. 274; *Baines* v.

*Babcock,* 95 Cal. 593; *Moore* v. *Boyd,* 74 Cal. 174; *O'Connor* v. *Witherby,* 111 Cal. 528.)

R. E. Jack indeed testified that on notifying her of the issue of the stock she refused to receive it; and he further testifies that he told her, if she would not receive it, she must assign to him. But there is no finding as to these or other facts tending to exonerate her, and their effect cannot, on the record as presented, be considered. All that is material to the immediate question is, that it appears from the assignment of the certificate that it was accepted by her, and hence that the finding cannot be sustained. On a new trial, the question of her liability as affected by the facts testified to by R. E. Jack, or otherwise appearing, can be considered; and as it is clear that there is a liability on her or her husband, or on both, the plaintiff, if he be so advised, should be permitted to amend his complaint by charging the latter with such liability.

We advise that the judgment and order be reversed and the cause remanded, with directions to the court below to permit the plaintiff to amend her complaint, if she be so advised.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded, with directions to the court below to permit the plaintiff to amend her complaint.    Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.