[No. 71.   Third Appellate District.—October 2, 1905.]

LEOPOLD MAIONCHI, Respondent, v. FLORINDO NICH-
OLINI, BEN NICHOLINI, J. CHAUVET, and H. J.
CHAUVET, Appellants.

PLEADINGS—AMENDMENT OF COMPLAINT TO CONFORM TO PROOF—SERVICE
AND FURTHER HEARING NOT REQUIRED.—Where, at the trial of an
action, evidence is introduced which would support an amendment
to the complaint germane to the cause of action, the court has
power, after submission of the cause, to order immediate amend-
ment to be made, so as to conform to the proof, without the neces-
sity of service and further hearing.

ID.—AMENDMENT NOT GERMANE—ACTION TO RESCIND VOIDABLE CON-
TRACT—IMPROPER ·CHARGE OF VOID CONTRACT.—An action to re-
scind a contract for unfair advantage taken of plaintiff while an
old man, enfeebled in mind and body, by a defendant in whom
plaintiff had implicit confidence, proceeds upon the theory that the
contract was not void, but voidable, and it was error, merely because
admissible evidence of unsoundness of mind was introduced, to
order an immediate amendment after submission, not germane to
the cause of action, to charge that the contract was absolutely
void, because made while plaintiff was entirely devoid of under-
standing.

ID.—CODE DISTINCTION BETWEEN VOID AND VOIDABLE CONTRACTS—
JUDICIAL DECLARATION OF INCAPACITY.—Sections 38 and 39 of the
Civil Code recognize and enforce the well-settled distinction between
pleading and proof as to a void contract with a person judicially
declared incompetent, and a voidable contract with a person of
unsound mind, not entirely devoid of understanding, before in-
capacity is judicially determined.

ID.—UNSUPPORTED AMENDMENT AND FINDINGS.—Where there was no
evidence that when the contract was made the plaintiff was entirely
devoid of understanding, both the amendment and findings in favor
thereof are unsupported by the evidence.

ID.—ABSENCE OF FINDINGS UPON ISSUES—JUDGMENT FOR RESCISSION
UNSUPPORTED.—Though the evidence was sufficient to sustain a
judgment for rescission, yet where the court failed to find upon
issues of fact tendered by the answer upon the cause of action,
a judgment for rescission cannot be supported.

APPEAL from a judgment of the Superior Court of
Sonoma County and from orders denying a motion to strike
out an amendment to the complaint and denying a new trial.
Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

R. M. Swain, and Butts & Weske, for Appellants.

W. F. Cowan, R. A. Poppe, Ed. C. Barham, and J. A. Barham, for Respondent.

McLAUGHLIN, J.—It is alleged in the complaint herein, that on March 18, 1901, plaintiff was the owner and holder of a note for the sum of one thousand dollars executed and delivered to him by the defendants Chauvet, and that on said day he indorsed and delivered such note to defendant Florindo Nicholini; that at the time of such indorsement, "and for a long time prior thereto, and ever since, plaintiff has been an old and infirm man, enfeebled in mind and body, and unable to attend to his property interests or rights, and was and is very susceptible to the overtures of others and was and is easily influenced, and such weakness of mind was and is of such character and degree that plaintiff was and is unable to attend to any business affairs in which he is concerned without independent advice"; that plaintiff had implicit confidence and faith in each of the defendants Nicholini, and believed that they advised him in good faith and would protect him; that said defendants fraudulently procured and induced plaintiff to indorse and deliver said note under a promise that they would provide food, clothing, shelter, and the necessaries of life for plaintiff during the remainder of his natural life; that plaintiff never received anything of value for said note, and "said defendants have not provided plaintiff with clothing, food, shelter or necessaries of life." The prayer was, "that said agreement be declared rescinded and said note and everything of value obtained from plaintiff as aforesaid be returned, and for costs, and that defendants be restrained from collecting the same, and for such other relief as is proper." After the action was commenced plaintiff was adjudged insane and a guardian *ad litem* was appointed. The action was dismissed as to defendants Chauvet, and the other defendants answering denied all the averments of the complaint. The court found against the defendant Florindo Nicholini on the issues thus joined, and rendered judgment that plaintiff was "the owner of and entitled to the

possession of the said promissory note.'' From such judgment and the order denying his motion for a new trial defendant Florindo Nicholini appeals upon a bill of exceptions specifying particulars in which the evidence is insufficient to support the findings and containing many assignments of error. After the cause had been submitted for decision, and on the same day the findings and judgment were filed, without notice to appellant or his attorneys, the complaint was amended by inserting the following amendment: ''That during all the times mentioned herein said plaintiff was of unsound mind and entirely without the capacity of understanding or comprehending the nature of said transaction and of the transactions in said complaint set forth, and that Florindo Nicholini knew and had knowledge of said facts and circumstances.'' The court found in accordance with such averment and after the judgment was entered the appellant in due time and form made his motion to strike out such amendment, and to set aside the finding and judgment on the grounds that said amendment was not served upon appellant or his attorneys, ''and that the said amendment was not made to meet the proofs in said cause and was not justified thereby.'' The motion was denied, and appellant appeals from the order denying said motion. This appeal is supported by a separate bill of exceptions, and we think that the vital questions involved should be considered first.

Section 469 of the Code of Civil Procedure provides that ''No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits,'' and the next section provides that ''Where the variance is not material, as provided in the last section, the court may direct the fact to be found *according to the* evidence, or may order an *immediate* amendment, without costs.'' Under these sections there can be no doubt that when evidence pro and con has been admitted touching a fact material to the cause of action stated in the complaint, the court may pursue either or both of the methods mentioned at any time before the rendition of judgment. And it is equally clear that the words ''immediate amendment,'' by necessary implication, exclude the necessity for service and further hearing. ''The law neither does nor requires an

idle act," and it would be idle to require service or a trial *de novo* when the subject-matter of the amendment had been gone into upon the trial, and it is only in such contingency that amendments to *conform to proof* can be allowed. (*Board of Directors* v. *Tregea,* 88 Cal. 358, [26 Pac. 237] ; *Firebaugh* v. *Burbank,* 121 Cal. 186, [53 Pac. 560] ; *Lee* v. *Murphy,* 119 Cal. 364, [51 Pac. 549, 955] ; *Herman* v. *Hecht,* 116 Cal. 559, [48 Pac. 611] ; *Duke* v. *Huntington,* 130 Cal. 274, [62 Pac. 510] ; *Jackson* v. *Jackson,* 94 Cal. 462, [29 Pac. 957].) The objection that "the amendment was not made to meet the proofs, and was not justified thereby," is so intimately connected with the point that the findings based on such amendment are not sustained by the evidence, that both of these contentions should be considered together. Sections 38 and 39 of the Civil Code emphasize the difference between contracts made by persons of unsound mind who are "*entirely without understanding*" and contracts by persons of unsound mind who are "*not* entirely without understanding," made before incapacity has been judicially determined. The plaintiff's incapacity was not judicially determined until March 12, 1904, nearly three years after the note was transferred, and this fact must be kept in mind in considering the question before us. A careful analysis of the averments of the complaint shows, beyond question, only a case of action to rescind a voidable contract. (*More* v. *Calkins,* 85 Cal. 188, [24 Pac. 729].) And a similar analysis of the amendment shows an averment rendering the contract absolutely void under said section 38. It is obvious that evidence that plaintiff was of unsound mind would be sufficient to support the allegations of the complaint, while something more, showing his entire want of understanding, would be essential to support the amendment. The importance of this distinction between averments and proof relating to *void* as distinguished from *voidable* contracts has been recognized in many well-considered cases, and such distinction cannot be ignored in reaching a correct solution of the problem under consideration. (*More* v. *Calkins,* 85 Cal. 190, [24 Pac. 729] ; *Castro* v. *Geil,* 110 Cal. 296, [52 Am. St. Rep. 84, 42 Pac. 804] ; *More* v. *More,* 133 Cal. 494, [65 Pac. 1044] ; *Murphy* v. *Crowley,* 140 Cal. 150, [73 Pac. 820].)

Actions to rescind a contract are necessarily based on the theory that there is a contract binding upon the parties un-

less rescission is had. (Civ. Code, secs. 1688, 1689, 1691, 3406, 3408.) And the mere statement of this proposition should suffice to show that an amendment alleging, in effect, that there was no contract could hardly be germane to the original cause of action. But waiving this, and viewing this as an action to set aside or cancel the indorsement and to recover the note, still the amendment and finding cannot be justified or sustained. Granting the utmost weight to all evidence bearing on his mental capacity, it only shows that he was of unsound mind. There is not a scintilla of evidence showing that he was at any time entirely without understanding. He was called as a witness, and the examination to test his competency as such clearly indicates that he understood the questions and answered them quite as intelligently as could be expected of one whose knowledge of the English language was limited. The learned judge of the trial court believed him quite rational as to most subjects, and so stated. Indeed, his answers at that time, and even his self-serving declarations narrated by other witnesses, create a strong impression that he fully understood the transaction here assailed and only desired security for its faithful performance by Nicholini. The witnesses as to his sanity seemed to agree that his condition at the time of the trial was, to say the least, no better than it was at the time the agreement was made, and, if so, it certainly cannot be said that he was entirely lacking in understanding. As his incapacity had not been judicially determined at the time the contract was made, it follows from the foregoing that the amendment was unauthorized and that the finding based thereon is not sustained by the evidence. With this finding eliminated, the judgment, which was evidently based on the assumption that the agreement and indorsement were absolutely void, is unsupported by the findings. Even if it could be considered as a judgment for rescission, however, there is no finding as to facts essential to support such a judgment. (Civ. Code, secs. 39, 1691, 3408; *More* v. *Calkins*, 85 Cal. 190, [24 Pac. 729]; *Wilson* v. *Sturgis*, 71 Cal. 229, [16 Pac. 772]; *Marten* v. *Paul O. Burns Wine Co.*, 99 Cal. 357, [33 Pac. 1107]; *Southern Pacific R. R. Co.* v. *Choate*, 132 Cal. 280, [64 Pac. 292]; *Kelley* v. *Owens*, 120 Cal. 510, [47 Pac. 369, 52 Pac. 797].) And if there was such finding there is no evidence in the record

to support it.   It could serve no useful purpose to consider other specifications or assignments, inasmuch as the objections urged may be obviated upon a retrial of the cause.

The judgment and order are reversed.

Chipman, P. J., and Buckles, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 30, 1905, and the following opinion was then rendered:—

McLAUGHLIN, J.—The earnestness and sincerity manifested by counsel for respondent in their petition for a rehearing herein has prompted a careful re-examination of all the evidence contained in the record.   As counsel evidently misapprehend the decision rendered, we are admonished that perhaps it is not as clear as decisions of an appellate court should invariably be, and hence we deem it but just that an additional opinion be substituted for the terse formula usually adopted in passing upon such petitions.   We did not intend to be understood as holding that there is no evidence to support a judgment of rescission.   The evidence is entirely sufficient to do so.   The judgment, however, is not that the contract be rescinded, the indorsements canceled, and the note restored, but "that the plaintiff is the owner of and entitled to the possession of" the note.   Such judgment could only be based on the amendment and resultant finding, that plaintiff's mental condition was such that, as a matter of law the transaction was an absolute nullity.   If the judgment be considered as for rescission, however, it must fall because the court failed to find on issues pertinent to rescission tendered by the last three denials in the answer.   (*More* v. *Calkins,* 85 Cal. 190, [24 Pac. 729].)

The evidence is ample to show that plaintiff was of unsound mind, and hence to render the contract *voidable* and subject to rescission under section 39 of the Civil Code.

Our re-examination but strengthens the conviction that there is *no* evidence to show such want of understanding as would render it *void* under the preceding section.   The utmost that can be said of the evidence touching his condition

at the time of the transaction is that he did not *fully* understand the agreement or mode of carrying it into effect. The evidence hardly shows as much as was pleaded in *More* v. *Calkins*, 85 Cal. 182, [24 Pac. 729], or proven in *Castro* v. *Geil*, 110 Cal. 295, [52 Am. St. Rep. 84, 42 Pac. 804], and yet the court there held that such facts did not show such want of understanding as would render the contract *void.*

The rehearing is denied.

Buckles, J., and Chipman, P. J., concurred.

'A petition to have the cause heard by the supreme court after judgment in the district court of appeal was denied by the supreme court on December 1, 1905.