## Dunham v. Nationwide Mutual Insurance Company

*George H. Rowley*, for plaintiff.

*Barnard F. Quinn*, for defendant.

McKAY, P. J., October 28, 1966.—The issue before the court comes before the court upon the motion of plaintiff for summary judgment in his favor in the amount of $10,000. The facts are admitted by plaintiff.

Plaintiff was injured in an automobile collision with Russell E. Fox, who was killed in the accident. He sued the administrator of Fox's estate and recovered a verdict of $42,694.65. Fox was uninsured.

Plaintiff is covered by an insurance policy with defendant insurer which is limited to $10,000. The policy contains clauses which are pertinent to this case.

D(1) reads: "(The Company agrees with the Policyholder) To pay all reasonable expenses incurred within one year following the accident, for necessary medical and hospital services, to or for the benefit of any person . . . who by accident suffers bodily injury while in . . . the described automobile being used by the Policyholder . . . Provided, etc." This clause is commonly known as the medical payment clause.

Under Endorsement, Insuring Agreements, 1, Damages for Bodily Injury Caused by Uninsured Automobiles, the policy reads:

"The Company will pay all sums which the insured . . . shall be entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the Insured, caused by accident and arising out of the ownership . . . or use of such uninsured automobile. . . ."

Under Conditions, 6, Limits of Liability (D), we read: "The Company shall not be obligated to pay under this coverage that part of the damages which the Insured may be entitled to recover from the owner or operator of an uninsured automobile which represents payments paid or payable under the Automobile Medical Payments. . . . Coverage of this policy to which this endorsement is attached. . . ."

To summarize the above provisions, it would appear that defendant insured plaintiff in the amount of $10,000 under the policy covering, inter alia, medical payments growing out of an accident, including an accident caused by an uninsured motorist wherein plaintiff was entitled to recover from such motorist, and that defendant is not obligated to pay under the uninsured automobile clause "that part of the damages which the insured may be entitled to recover" from the uninsured motorist "which represents payments paid or payable under the Automobile Medical Payment coverage".

Plaintiff has now sued defendant for $10,000, the limit of the policy. It is admitted that defendant has paid plaintiff $2,000 under the medical payment clause. Obviously, plaintiff is entitled to recover the balance of the $10,000, or $8,000, and that only. He cannot recover the $2,000 already paid on account of the policy liability, whose limit is $10,000, because of the clause which expressly states that defendant is not required to pay under the uninsured motorist clause that part (i. e., $2,000) of the damages which plaintiff may recover from the uninsured motorist *which represents payments paid under the medical payment coverage.*

Plaintiff contends that the purpose of the exclusionary clause is to prevent a double recovery, and that when, as in the instant case, plaintiff is entitled to recover from the uninsured motorist an amount which exceeds the policy limit by more than the amount of

medical expenses paid by defendant, there is no duplication of recovery if plaintiff is paid the policy limit in addition to the medical expenses.

Be that as it may, plaintiff can only recover under the provisions of his policy. The terms of the policy make it clear that the limit is $10,000 and that when plaintiff has a case against an uninsured motorist, defendant need not pay plaintiff any portion of his claim against that motorist which represents a payment which it has already made under the medical payment coverage.

While, admittedly, if there is any ambiguity in the language of the policy it must be resolved in favor of the insured (Sykes v. Nationwide Mutual Insurance Company, 413 Pa. 640), where, as in this case, there is no ambiguity whatever in the policy, its terms are controlling.

Plaintiff contends that defendant could have listed medical payments as items of reduction in condition 6 (b) along with amounts due under any workmens' compensation law if it had seen fit to do so. This is true, but where defendant has expressly covered the exclusion once, there would be no point in repeating it.

He also contends that there is a difference between the words "loss" and "amount", and distinguishes the instant case from Jarrett v. Allstate Insurance Company, 209 Cal. App. 2d 804, 26 Cal. Rep. 231, a California case, in which the court interpreted "loss" to mean "any loss to the extent that it is payable under this policy".

The California case was decided in 1962. He points out that in 1963, the standard policy was changed to replace the word "loss" with "amount".

Whether this change has any significance to the instant case is problematical. Probably not, for two later California cases have interpreted the clause as we have: Dodds v. Bucknum, 214 Cal. App. 2d 206, 29 Cal.

Rep. 393 (1963); Turner v. Mannon, 236 Cal. App. 2d 134, 45 Cal. Rep. 831 (1965).

In any event, we are unable to construe the policy before us other than as we have done, for to us the language is plain and the meaning clear.

### ORDER

Now, October 28, 1966, it is ordered that judgment be entered in favor of plaintiff against defendant in the amount of $8,000.