MURPHY v. CROWLEY et al.*

S. F. No. 2481; December 8, 1902.

70 Pac. 1024.

**Limitation of Action—Recovery of Property Obtained by Fraud.** A complaint states a cause of action, not for recovery of real estate, but for relief on the ground of fraud, which, by Code of Civil Procedure, section 338, subdivision 4, is barred in three years, it being by a daughter of C., deceased, against his second wife, and alleging that C. being addicted to drink, so as to partially disqualify him from business and render him the prey of designing persons, defendant resolved to get possession of his property, and for this purpose married him, and shortly thereafter, in pursuance of this purpose,

---

*For subsequent opinion in bank, see 140 Cal. 141, 73 Pac. 820.

4

while from drinking he was not able to intelligently transact business, she, by influence of her superior will, got him to deed property to her, and title to property which he bought was taken in her name at her instance and dictation, he being compelled thereto and overpowered by her will; and the prayer being that it be adjudged that the conveyance was obtained by fraud and undue influence, and that it be set aside, and that the title to the second lot was taken in her name through fraud and undue influence, and that she holds it in trust.

APPEAL from Superior Court, City and County of San Francisco; Jas. M. Troutt, Judge

Action by Ellen E. Murphy against Margaret E. Crowley and another. Judgment for defendants and plaintiff appeals. Affirmed.

A. E. Nathanson and T. M. Osmont for appellant; Sullivan & Sullivan and Theo. J. Roche for respondents.

VAN DYKE, J.—The court below sustained a demurrer to the amended complaint, and, plaintiff failing to amend again within the time allowed for such purpose, judgment was entered for the defendants. The appeal is taken from the judgment upon the judgment-roll. The amended complaint states substantially the following facts: That the plaintiff is of the age of twenty-three years, and the wife of John P. Murphy; that at the age of one and a half years, to wit, in 1877, plaintiff was an orphan of the name of Ellen E. Barry, and was then received into the family of Daniel F. Crowley and his wife, Elizabeth Crowley, and was by them reared, nutured, and educated the same as though she had been their child, and until the death of Elizabeth Crowley, June 24, 1890; that she thereafter continued to reside with Daniel F. Crowley as his daughter, and that in January, 1890, a few days after the death of Elizabeth, his wife, the plaintiff was adopted by said Daniel F. Crowley by an order and decree of the superior court of the city and county of San Francisco; that, about three months after the death of his said wife, Crowley became addicted to the use of alcoholic liquors to such an extent as to partially disqualify him for business, and render him the prey of artful and designing persons; and, upon information and belief, the plaintiff alleges that defendant Margaret E. Crowley "looked with covetous eyes

upon the lands and possessions, hereinafter described, of said Daniel F. Crowley, and with languishing eyes upon Daniel himself, and resolved to possess herself of Daniel first, and to annex his estate later, and in pursuance of this ingenious scheme she beguiled Daniel into a marriage with her, and accordingly, on the second day of June, 1890, the said Daniel F. Crowley married the said Margaret, who thereupon moved into his home and took possession; that said Daniel F. Crowley was at the time of said marriage the owner and possessed of a certain lot of land firstly hereinafter described, the same being the lot upon which he and plaintiff were then residing; that after their said marriage the said Daniel and his wife, Margaret, · occupied and resided continuously on said lot . . . . until the death of said Daniel, as hereinafter stated; that the defendant Margaret E. Crowley was and is a woman of strong will and imperious and domineering disposition; that for more than a month after his marriage with said defendant said Daniel F. Crowley indulged his drinking habit to such an extent that he was not able to intelligently transact business, as plaintiff is informed and believes; that immediately after their said marriage the defendant, Margaret, as plaintiff is informed and believes, in execution of said previously formed design on her part, sought to obtain a conveyance to her from said Daniel F. Crowley of said property; that to that end she urged said Crowley to make a deed to her of said premises, using all the strength and influence of her superior will power to accomplish her purpose; that accordingly, on the tenth day of June, 1890, about the eighth day after the said marriage, said Daniel F. Crowley signed a deed purporting to convey said premises to said defendant Margaret; that the same was made without consideration and at a time when, as plaintiff is informed and believes, the said grantor's will power and judgment were greatly weakened by his long-continued habit of inebriety; that said deed was the result of impaired intellect and will power on the part of said Crowley, and of the dominating mind and influence of the defendant Margaret E. Crowley; and that, in the debilitated condition of said Crowley's faculties, he was unable to resist said defendant's importunities, or to wrestle successfully with her aggressive spirit and arbitrary disposition." It is further alleged that said Crowley continued to indulge in alcoholic liquors, and on the fifth day of July,

1890, at the instance of said defendant, as plaintiff is informed and believes, he was committed to the Home of the Inebriates in San Francisco, for treatment of persons laboring under diseases of alcoholism. It is further alleged that, immediately after defendant became the wife of said Daniel F. Crowley, she began a course of persecution of plaintiff, and insisted that plaintiff should leave the roof of her adopted father, and seek employment to earn her own living, and finally, in the month of July, 1890, the plaintiff was driven from her home and compelled to seek shelter among strangers, to earn her own support by the labor of her hands, without any assistance from defendant or plaintiff's adopted father, and from said date she never received any help or assistance of any kind from her said adopted father or from defendant, "and, with her forced exile from her home, plaintiff's education entirely ceased, as she had no means of her own, and her wages were consumed in her daily support." It is further alleged that down to the death of said Daniel F. Crowley, which occurred on July 11, 1898, the defendant exercised a controlling influence over his mind and actions. It is further alleged that in August, 1895, said Daniel F. Crowley purchased the lot of land in the complaint secondly described; that the title to the said property was taken in the name of the defendant Margaret E. Crowley "at her instance and at her dictation, as plaintiff is informed and believes, said Daniel being compelled thereto and overpowered by the dominant will and aggressive energy of said defendant"; and, upon information and belief, it is alleged that the consideration paid for said lot was the separate estate of Daniel F. Crowley, and not community property. It is averred that the plaintiff has not been able to ascertain whether said Daniel F. Crowley died testate or intestate, and alleges that his only heirs at the time of his death were his said widow, the defendant Margaret E. Crowley, and the plaintiff, and that no administration had been taken out on his estate. It is also averred that on the third day of November, 1898, the defendant Margaret E. Crowley conveyed the said parcel of real estate first in the complaint described to the defendant Richard O'Connell, who now claims the same adversely to the plaintiff. She avers, upon information and belief, that the conveyance was made without consideration, and for the purpose of complicating the title, obstructing and defeating

plaintiff's recovery of said property, and that said O'Connell took the said conveyance with notice of the fact above alleged. The demurrer was based upon several grounds— among others, that the cause of action was barred by the provision of section 338, subdivision 4, of the Code of Civil Procedure, and was sustained upon this latter ground. This provision requires that an action for relief on the ground of fraud or mistake shall be commenced within three years, provided that the cause of action shall be deemed to have accrued only after the discovery of the facts constituting the fraud by the aggrieved party.

The appellant, however, contends that this is an action for the recovery of real property, and falls within section 318 of the Code of Civil Procedure, which extends the limitation to five years, instead of the section under which the court sustained the demurrer. This contention of the appellant cannot be sustained. There is nothing in the averments of the complaint of the nature of an action for the recovery of real property. On the contrary, all the allegations show very clearly that the gravamen of the action is fraud and undue influence. The prayer of the complaint is that "it be adjudged and decreed that said conveyance by said Daniel F. Crowley to the defendant Margaret E. Crowley, made on the tenth day of June, 1890, of the lot first hereinabove described, was obtained by fraud and undue influence on the part of said defendant, and that the same be set aside and annulled; that said lot constitutes part of the estate of said Daniel F. Crowley, deceased, and that plaintiff is the owner of an undivided one-half thereof; that the title to said lot secondly hereinabove described was taken in the name of said defendant through her fraud and undue influence; that she held the title thereto in trust for said decedent, and now holds the same in trust for this plaintiff, as to an undivided one-half thereof; that said decedent was mentally incapacitated to make said first-named conveyance, or to consent to the making of said conveyance to the said defendant secondly above mentioned; that the deed of said first parcel of land from defendant Margaret to her codefendant, Richard O'Connell, be annulled; that plaintiff's title to an undivided moiety of said parcels of land, and of each of them, be quieted, and that she be let into possession thereof as a tenant in common with defendant Margaret E. Crowley; and that the defendants be

required to account to plaintiff for one-half of the rents and profits of said real estate received by them, or either of them, since the death of said Daniel F. Crowley.'' Daniel F. Crowley was competent to execute the deeds, and they had the effect to convey his title to the property therein described. ''A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission, as provided in the chapter on rescission in this code'': Civ. Code, sec. 39. It had not been declared, judicially or otherwise, that he was incapacitated; and the conveyances, therefore, stood on the same ground as the conveyance of any other person, but subject to rescission as in other cases. In Castro v. Geil, 110 Cal. 296, 52 Am. St. Rep. 84, 42 Pac. 804, after citing the code provisions as above, it is said that ''this language applies with equal force and propriety to the case before us.'' It is therefore conclusively settled that the deed in question vested the title in appellant, and that it could not be devested otherwise than by a judicial action, or the voluntary conveyance of the grantee, and, if by judicial action, that the complaint must allege facts which show upon the face of it that the action is not barred by the statute of limitations: See, also, People v. Blankenship, 52 Cal. 619; People v. Noyo Lumber Co., 99 Cal. 456, 34 Pac. 96. In Castro v. Geil it was held that the action was barred by the provision of the code in reference to actions for relief on the ground of fraud, already referred to. In this case there is no pretense that the plaintiff had not discovered the facts constituting the fraud until within three years before the commencement of the action. On the contrary, all the averments of the complaint show that the alleged fraud and undue influence were known to her at the time they were said to have been perpetrated. In Goodnow v. Parker, 112 Cal. 437, 44 Pac. 738, relied upon by the appellant, it was held that that was not an action for relief upon the ground of fraud or mistake, but an action for the recovery of real property, ''and that the correction of the mistake in the deed is merely incidental to that action.'' This action, however, as already stated, is based upon the fraud and undue influence alleged in the complaint, and has none of the features of an action for the recovery of real property. Until the deeds in question are set aside, the plaintiff has no standing in

court, as she has neither title nor right of possession, and therefore could not maintain an action for the recovery of real property, even if this were such.

We think the demurrer was properly sustained on the ground assigned by the court below, and this renders it unnecessary to consider or to pass upon the question whether the complaint was insufficient on the other grounds assigned in the demurrer.

The judgment is affirmed.

We concur: Garoutte, J.; Harrison, J.